Victor **ALANIZ**, Jr. and Jose Blanco Villarreal, Appellants,

v.

The **STATE** of Texas, Appellee.

No. 43092.

Court of Criminal Appeals of Texas.

Oct. 28, 1970.

McKeithan & Ellis by Bill Ellis, Jr., McAllen, for Victor Alaniz, Jr.

Pena, McDonald & Gutierrez, by Roman Gutierrez, Edinburg, for Jose Blanco Villarreal.

Oscar B. McInnis, Dist. Atty., Joe A. Cisneron and Arthur L. Gallucci, Asst. Dist. Attys., Edinburg, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The appellants, Alaniz and Villarreal, were convicted in a joint trial for the possession of marihuana. The punishment of each was assessed at two years.

Officers Avila and Ocana of the City of Mission Police Department, at approxi-

mately five o'clock in the afternoon, were patrolling a gravel road which was described as a lovers lane and a favorite place for parking and drinking. They saw a station wagon, occupied by two men, and a pickup truck parked on the side of the road. The officers passed the vehicles, turned back and approached the vehicles from behind and then saw Alaniz, who was on the passenger side of the station wagon, open the right front door and throw out what appeared to be a "wadded up paper."

The officers stopped, and Officer Avila picked up the paper which contained what appeared to be marihuana. They placed the appellants under arrest and took them to the police station where they were searched, and dustings were taken from their pockets. Cigarette papers were found in Villarreal's pocket. The officers returned to the place where the paper was found on the ground and found a marihuana cigarette. The contents of the paper that was thrown from the station wagon and the dustings from the pockets of the appellants were analyzed by Dr. H. E. Whigham. His testimony shows that the paper contained four grams of crushed marihuana leaves, stems and seeds, and that the dustings from their pockets contained fragments of marihuana.

Appellant Alaniz testified that he did not know what was in the paper, and that Villarreal handed it to him and told him three or four times to throw it, and he just tossed it out of the station wagon.

■ It is contended that the arrest was illegal and that the evidence from their pockets was obtained as a result of an illegal search.

Article 14.01(b), Vernon's Ann.C.C.P., provides:

"A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."

Article 14.03, V.A.C.C.P., provides:

"Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

Under either of the above statutes, the court was authorized to conclude that the arrest was legal. The arrest being legal, the officers were authorized to search appellants at the police station. Sirvello v. State, Tex.Cr.App., 316 S.W.2d 753, and Rangel v. State, Tex.Cr.App., 444 S.W.2d 924.

■ The contention that appellants had the right to have an attorney present prior to their search at the station is overruled.

■ It is next contended that the fragments or traces of marihuana found in the clothing of appellants were not proved to be of sufficient quantity or strength to put to its common use of smoking.

In Orosco v. State, Tex.Cr.App., 298 S.W.2d 134, the testimony showed Orosco was present in an automobile in which a package of marihuana was found. This Court held that the evidence that Orosco was under the influence of marihuana and that particles of marihuana were on the same side of the seat of the automobile where he was seated was sufficient to show that he and his companions jointly possessed the package of marihuana.

It was not necessary for the State to prove that there was a sufficient quantity of marihuana of such strength in the fragments found on their persons that could be smoked. The contention is overruled.

■ The evidence is sufficient to show that appellants jointly possessed the marihuana found in the paper outside the station wagon and is sufficient to support the conviction.

The judgment is affirmed.