Guadalupe **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45347.

Court of Criminal Appeals of Texas.

May 9, 1972.

Rehearing Denied June 21, 1972.

Pena, McDonald & Gutierrez, by L. Aron Pena, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of marihuana. The trial was before the court. The punishment was assessed at five years, probated.

The appellant contends that the evidence is insufficient to support the conviction and that the marihuana was obtained by the officers in an illegal search.

Texas Highway Patrolman Fermin Isles testified that on a Sunday afternoon he and another patrolman, Harry Caldwell, were on patrol in the community of Lull. He saw a car parked on a parking lot of the Texas Plastic Company which was closed on Sunday. A door on the car was open and one or two people were outside. As Officer Islas drove toward it, those outside jumped in the car, closed the door

and the car took off heading toward the officers. When the car was some fifty to sixty feet from the patrol car, Islas turned on the red light and motioned with his hand for the car to stop, but it went right on by the patrol car and sped up a little bit. Islas made a U-turn and chased the car through the parking lot and through the railroad yard. The officers saw a black object as it was thrown from the driver's side of the car. Officer Islas testified that they chased the car with their red light and siren on for approximately six-tenths of a mile. The car kept going until Patrolman Caldwell fired a shot into the air.

Officer Islas testified that the appellant was the driver and there were three other people in the car. When appellant got out Officer Islas saw a black leather pouch half open "laying" on the seat right where the appellant got out of the car. He then saw some beer in open view on the floorboard in the back seat of the car. He picked up the pouch just to the right of where the appellant had been sitting, looked in it and saw what appeared to him to be marihuana. He further testified that three of the boys in the car appeared to be under twenty-one years of age.

The officers did not take Joe Ozuna, who was in the car, into custody immediately because he asked to look after his mother who was hysterical at the scene of the arrest.

It was stipulated that the substance introduced into evidence was marihuana and to the proper chain of custody.

Officer Islas further testified that he and Officer Caldwell later searched for the object that was thrown out of the car and found a package of cigarette papers at the spot. He later examined the contents of the black leather pouch and found marihuana wrapped in tinfoil and three hand-rolled marihuana cigarettes. A full package of Bugler tobacco was found in the car along with some gummed cigarette papers, some of which were gone.

The appellant testified that he was thirty-three years of age and that he was at the parking lot and drove away because he was scared and nervous and, "I knew I was going to get caught with those minors." He testified that they had drunk one six-pack of beer and had started on the second one. He denied knowing anything about the marihuana but that the officer probably found it where he said he did. He also testified that Joe Ozuna, who was in the front seat, said for him to stop when the officers were following but he kept on driving.

Julio Garcia was called by the State. He testified that he was nineteen years of age and that he and Tommy Garza were with some girls at the parking shed and they had left. He and Garza then went to the appellant's car and had been there about fifteen minutes when the officers arrived. Neither the appellant nor Joe Ozuna who was with him said anything about marihuana. Ozuna said the officers were coming and the appellant was scared and the three could not get him to stop. Garcia also testified that Tommy Garza did not throw any cigarette papers out of the car. He did not see the black bag until the judge showed it to them and said they were charged "with marihuana." He did not know who got the package of Bugler.

The contention that the seizure of the marihuana was illegal will be considered first. The complaint of the appellant is that the search of the automobile and the seizure of the marihuana were not the result of an arrest. The State contends that Article 14.03, Vernon's Ann.C.C.P., controls. It provides:

"Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of

the peace, or threaten, or are about to commit some offense against the laws."

Taylor v. State, Tex.Cr.App., 421 S.W.2d 403, held that once a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation.

In Alaniz v. State, Tex.Cr.App., 458 S. W.2d 813, two vehicles were parked in a lovers' lane. One was occupied by two men. As officers approached, a door was opened and a wadded up paper was thrown out. An officer picked up the paper which contained what appeared to be marihuana. This Court held that under either Article 14.01(b), V.A.C.C.P., which provides for the arrest of an offender for any offense committed in his presence or within his view, or Article 14.03, supra, the suspicious person's statute, the trial court could have concluded the arrest was legal.

In Denny & Forfar v. State, Tex.Cr. App., 473 S.W.2d 503,[1] officers saw an automobile parked at a museum at night leave at a rapid rate of speed. The officers had difficulty in stopping the car to seek an explanation or to warn the driver about his manner of operating the car. While in pursuit the officers saw that no light was burning over the license plate of the car. After the car was stopped, a window was rolled down and the officers smelled burning marihuana. We held that the officers were then justified in making the search.

In the present case the record does not reflect that the appellant was speeding, but he was trying to get away from the officers after they had seen him on a Sunday afternoon in a parking lot of a business establishment which was closed for the day.

We hold that the trial court had sufficient evidence to conclude that the officers legally arrested the appellant under Article 14.03, supra, and that the subsequent seizure of the marihuana was authorized.

He next contends that the evidence is insufficient. We recently held in Aldridge v. State, 482 S.W.2d 171 (1972), that the evidence was sufficient to hold that the driver of his mother's vehicle possessed marihuana. There the marihuana was found under the front of the driver's seat and the sack in which it was found contained fingerprints of one of the other occupants in the car.

Also in the Denny & Forfar case, supra, the evidence not so strong as in the present case was held sufficient.

We hold the evidence in the present case is sufficient to support the conviction.

The judgment is affirmed.

---

1. Denny & Forfar v. State, supra, was reversed on other grounds.