James William MILLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 48382.

Court of Criminal Appeals of Texas.

May 8, 1974.

Michael L. Morrow, Dallas, for appellant.

Henry Wade, Dist. Atty., William L. Hubbard, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BILL J. CORNELIUS, Commissioner.

In a jury trial the appellant was convicted of the offense of theft of personal property over the value of $50.00. The punishment, which was assessed by the court at appellant's election, and enhanced under the provisions of Art. 63, Vernon's Ann.P.C., was life imprisonment.

In his first ground of error appellant complains the "trial court committed fundamental error by failing to require the court reporter to take notes of the voir dire examination of the jury panel."

This contention is without merit. The record shows the court granted appellant's motion to take the voir dire examination of the panel in accordance with Article 40.09, Sec. 4, Vernon's Ann.C.C.P., and such voir dire examination has been transcribed and is in the record before us. From the file marks, it appears that it was not filed until appellant filed his appellate brief in the trial court. However, there was no written designation by the appellant that it be incorporated in the record, and it is not a matter that must be mandatorily included in the record. See Articles 40.09, Secs. 1, 2, and 3. Further, we find no objection to the record due to the absence of such transcribed voir dire examination. And after such transcription was filed, the appellant has made no effort to point out any error that occurred during such voir dire examination, but continues to rely upon the fact that the court refused to order the court reporter to record such voir dire examination.

Ground of error No. 2 is multifarious. It first contends that reversible error was committed when the State's counsel, in responding to the inference of the defense that the State's witness Chandler was engaged in some kind of illegal activity, stated that such inference "was not true," when there was no evidence in the record supporting such statement. However, no objection whatever was made to this comment by State's counsel and appellant may not now complain of it.

It is then contended that prejudicial error was committed when the State's counsel repeatedly emphasized the testimony of the State's witness Chandler to the effect that appellant threatened to "get anyone who sends me *back* to the penitentiary." This was a correct quote of the testimony, which not only was admitted without objection by the appellant but which was elicited again by appellant's counsel on his cross-examination. Therefore, no error is presented.

Thirdly, appellant complains of the action of the State's Attorney in advising the jury that the witness Chandler had told the police and the grand jury the same story he told at the trial. Appellant's objection to this statement was sustained by the court and the prosecutor was admonished by the court to "stay in the record." No further instruction or relief was requested by appellant. As he received all the relief he requested, no error is presented. Newman v. State, Tex.Cr.App., 501 S.W.2d 94.

In his ground of error No. 3, the appellant complains of certain unresponsive and prejudicial answers of the State's witness Chandler. We have carefully examined the record and find that no objection or request for an instruction was ever made by the appellant in connection with these answers, and therefore no error is presented.

Ground No. 4 contends that appellant's punishment was enhanced by the use of prior convictions which had already been used for enhancement on another occasion. Appellant's sworn plea in bar, based upon this contention, alleged that his conviction on April 1, 1966, in Cause No. C 65–338K had been enhanced by a conviction in Cause No. D–3707 and another conviction, but that his conviction in Cause No. C 65–338K was ordered retried as the result of a habeas corpus proceeding and that upon the retrial of it the enhancement portions of the indictment were dismissed. Therefore, the final conviction in Cause No. C 65–338K was not successfully enhanced and there was no error in allowing the use of the conviction in Cause No. D–3707 to enhance the punishment in the case at bar. McGill v. State, 160 Tex.Cr.R. 324, 269 S.W.2d 398.

In Ground No. 5 appellant contends that the court should have charged the jury on circumstantial evidence. The record reflects that appellant's counsel neither objected to the court's charge nor requested any special instructions or charges. In fact, he advised the court that he had

no objections to the charge as presented. Therefore, complaint cannot now be made of the failure to charge on circumstantial evidence. Art. 36.14, Vernon's Ann.C.C.P.; Gray v. State, Tex.Cr.App., 475 S.W.2d 246; Burleson v. State, Tex.Cr.App., 449 S.W.2d 252.

In Ground No. 6 appellant urges that he should have been allowed to impeach the witness Chandler by showing a prior conviction for breaking and entering a coin-operated vending machine. In a hearing outside the presence of the jury it was revealed that the sentence in that case was probated and that the probation had expired. By the express provisions of Art. 38.29, Vernon's Ann.C.C.P., a probated sentence may be used to impeach a witness only when the probation has not expired. The trial court correctly refused to allow such proof. Parker v. State, Tex.Cr.App., 384 S.W.2d 712; Smith v. State, Tex.Cr. App., 455 S.W.2d 282; Nichols v. State, Tex.Cr.App., 494 S.W.2d 830.

In his last ground of error appellant maintains that there was no direct proof of his guilt, but only circumstantial evidence, and that such evidence is not sufficient to support the conviction. This claim is based mainly upon the contention that appellant explained the incriminating circumstances against him, consistent with his innocence, and that the State failed to show the explanation to be false, thus requiring an acquittal under the rule applied in Huff v. State, Tex.Cr.App., 492 S.W.2d 532.

In the case at bar the evidence showed that a U-Haul trailer containing a supply of apples was left on the side of the road by the owner of the apples while he went to get the trailer-hitch on his vehicle repaired. Shortly thereafter, the trailer and the apples were stolen. The State's evidence showed that one Norris, who admittedly helped to take the goods, and the appellant were seen hauling the stolen trailer with a white Rambler automobile only minutes from the taking; that shortly there-

after they were seen unloading the apples, with the help of others; that upon being questioned about where they got the trailer and the apples the appellant said they had rented the trailer; that upon this statement being disputed and upon being advised that the police were being called, both Norris and the appellant left the scene and were later arrested. The appellant produced evidence from Norris and from Mr. Winn, who had purchased the apples, that he had been working for Winn as a substitute meatcutter and was not in the car with Norris when the trailer was driven to Winn's place of business and that he had nothing to do with the taking; that Norris and another party actually took the trailer and drove it to Winn's place of business, where they sold him the apples; and that Winn got the appellant to merely help unload the apples.

It thus is seen that the evidence here is conflicting in nearly all material respects. As to the appellant's explanation of the circumstances, his claim that he was not in the automobile with Norris at all but that he only came out of Winn's place of business to help unload the apples, and that he knew nothing about the trailer, conflicts directly with the State's evidence that he was with Norris in the automobile; that upon being accosted he falsely claimed to have rented the trailer; that the witness Winn at the scene told the police that he did not know the appellant; as well as other items of proof. In addition, the State offered proof that appellant threatened and offered to bribe the witness Chandler to prevent his testifying against him, and suggested that he swear to untrue alibi testimony.

Under these circumstances the appellant's explanation was refuted, if the jury chose to believe the State's evidence, and the overall circumstances of guilt were sufficient to support the conviction. The jury is the exclusive judge of the evidence adduced, the credibility of the witnesses, and the weight to be given their testimony. Art. 36.15, 38.04, Vernon's Ann.C.C.P.;

Brown v. State, Tex.Cr.App., 477 S.W.2d 617; Easley v. State, Tex.Cr.App., 478 S.W.2d 539. The jury may accept one version of the facts and reject another, or reject any part of a witness' testimony. Wright v. State, Tex.Cr.App., 437 S.W.2d 566.

In circumstantial evidence cases, it is not necessary that every fact point independently and directly to the defendant's guilt. It is enough if the conclusion of guilt is warranted by the combined and cumulative force of all the incriminating circumstances. Jones v. State, Tex.Cr.App., 442 S.W.2d 698; Frison v. State, Tex.Cr.App., 473 S.W.2d 479; Parish v. State, 85 Tex.Cr.R. 75, 209 S.W. 678; Finch v. State, 89 Tex.Cr.R. 363, 232 S.W. 528.

We find no reversible error, and the judgment is affirmed.

Opinion approved by the Court.