**Cornell EARVIN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00024–CR.**

Court of Appeals of Texas,
Dallas.

May 3, 1982.

Discretionary Review Refused
July 21, 1982.

Kerry P. FitzGerald, Dallas, for appellant.

Maridell Templeton, Asst. Dist. Atty., Dallas, for appellee.

GUITTARD, Chief Justice.

The sole ground of error is insufficiency of the evidence to support a conviction for possession of more than four ounces of marihuana. The trial was before the court without a jury and punishment was assessed at a probated sentence of two years. We find the evidence sufficient.

The principal witness for the State was Gloria Woods, an officer of the Dallas Police Department. Woods obtained a warrant for the search of a one-story residence at 4707 Bowling Street in Dallas. On the occasion in question she went to that address in the company of Officer James. She first entered the residence alone and spoke to Willie Helen Morris, who resided in the house with her husband. Two other persons were in the room. Appellant, who is Willie Helen's brother, was sitting in a chair, and a young woman was sitting on a sofa located within a foot of the chair. The sofa and the chair were facing at right angles. The woman on the sofa testified at the trial that she had accompanied appellant to his sister's residence and that they had been there about five minutes when the officers arrived.

Woods testified that she gave Willie Helen ten dollars and told her that she wanted to purchase marihuana. As she gave Willie Helen the money, appellant jumped up and said, "Officer Woods, you can't do that. You know what you are. You're a cop." He then jerked the ten dollars away from Willie Helen and gave it back to Woods.

Woods further testified that when she entered the room she saw a large brown paper bag on the floor between the sofa and the chair in which appellant was sitting. Questioned further about the location of the bag with respect to the chair, Woods said that it was "right next to the chair," "less than a foot" from it, "right at his feet." A diagram in evidence shows the bag between the chair and the sofa and somewhat to the front of each. On cross examination Woods testified as follows:

Q. And would you describe the bag or the sack when you first saw it?

A. It was just a large brown paper bag.

Q. Like you get at the grocery store?

A. Yes.

Q. Okay, And was it open, closed, or folded up, or was or was it closed, or folded up, or what?

A. The bag was open.

Q. Okay. Was it fully open?

A. What do you mean, fully open?

Q. Well, could you see into it without opening it up any further?

A. Yes.

After appellant identified Woods as an officer, Woods went outside and signaled to Officer James. They then reentered the house, made a search, and arrested the occupants, including appellant. James picked up the paper bag and gave it to Woods, who examined the contents and found twenty-six one-ounce plastic bags of marihuana. Larger quantities of marihuana, aggregating approximately eighteen pounds, were found in other rooms of the house.

We conclude that this evidence, though circumstantial, is sufficient to sup-

port the conviction for possession of marihuana. In reaching this conclusion we have had difficulty determining our proper function in reviewing the fact findings of a trial court or jury. Accordingly, all twelve members of the court have reviewed the case and have considered not only the decisions which have involved possession of controlled substances but also the authorities bearing on the scope of appellate review of findings of fact in cases of circumstantial evidence.

■ Ordinarily the function of the reviewing court is not to determine whether it believes the evidence relied on to establish guilt, but rather whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Griffin v. State,* 614 S.W.2d 155, 159 (Tex.Cr.App. 1981), (quoting from *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979)). This standard of review has long been generally accepted in Texas. *Clark v. State,* 543 S.W.2d 125 (Tex. Cr.App.1976); *Esquivel v. State,* 506 S.W.2d 613 (Tex.Cr.App.1974); *Jones v. State,* 442 S.W.2d 698 (Tex.Cr.App.1969) *cert. denied* 397 U.S. 958, 90 S.Ct. 967, 25 L.Ed.2d 143 (1970).

The court of criminal appeals, however, has frequently stated a more particular test to be applied when reviewing the sufficiency of circumstantial evidence. In *Flores v. State,* 551 S.W.2d 364, 367 (Tex.Cr.App. 1977), Presiding Judge Onion states:

It is well established that a conviction on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt and proof amounting only to a strong suspicion is insufficient.

Similar statements may be found in the following cases: *Rhyne v. State,* 620 S.W.2d 599, 601 (Tex.Cr.App.1981); *Culmore v. State,* 447 S.W.2d 915 (Tex.Cr.App.1969); *Brock v. State,* 162 Tex.Cr.R. 339, 285 S.W.2d 745, 747 (1956). In some opinions this rule requiring that all reasonable alternative hypotheses be excluded has been recognized as a more rigorous rule than the

general rule that the evidence must be viewed in the light most favorable to the prosecution. *See Sewell v. State,* 578 S.W.2d 131, 135 (Tex.Cr.App.1979); *Griffin v. State,* 614 S.W.2d 155, 159, N. 5 (Tex.Cr. App.1981).

Although the court has often repeated this rule, it appears to have adopted a less rigorous test in another line of cases. In *Ysasaga v. State,* 444 S.W.2d 305, 308 (Tex. Cr.App.1969), Presiding Judge Onion formulates the rule as follows:

Ordinarily the test on appeal is whether there was evidence from which the jury (advised of the restrictions which the law places upon them in condemning one of circumstantial evidence) might *reasonably conclude that every reasonable hypothesis other than guilt was excluded.* [Emphasis added.]

Similar language is found in *Dixon v. State,* 541 S.W.2d 437, 440 (Tex.Cr.App.1976), and in *Moore v. State,* 532 S.W.2d 333, 337 (Tex. Cr.App.1976), both tests are stated. Consistent with the *Ysasaga* formulation is *Jones v. State,* 442 S.W.2d 698, 702–03 (Tex. Cr.App.1969), in which Judge Onion comments that appellant's counsel had argued before the jury and again on appeal "a number of possibilities or suppositions they draw from the evidence," but he dismisses them as follows: "These are all matters which go to the weight to be given the evidence, and in determining the sufficiency of the evidence it must be viewed in the light most favorable to the jury's verdict."

The rule as stated in *Ysasaga* appears less rigorous in that it permits the jury to decide, under appropriate instructions, whether every reasonable hypothesis other than guilt has been excluded, whereas the rule in *Flores* appears to require the appellate court to determine for itself whether any alternative hypothesis is reasonable. According to *Flores,* if the appellate court determines from its own review of the evidence that the alternative hypothesis is reasonable, then the trial court's determination must be set aside, even though the evidence provides a rational basis for the trier of fact to determine that it is not reasonable.

Analysis of the opinions of the court of criminal appeals fails to reveal whether this apparent inconsistency in stating the rule has had any substantial impact in the actual decision of cases. The more rigorous statement of the rule concerning conclusion of alternative hypotheses is usually accompanied by various qualifications. Thus it is said that the rules of circumstantial evidence do not require that the circumstances should to a moral certainty actually exclude every hypothesis that the act may have been committed by another person, but the alternative hypothesis must be reasonable, consistent with the facts proved, and not out of harmony with the evidence. *Flores v. State, supra; Jones v. State,* 442 S.W.2d 698 (Tex.Cr.App.1969). Moreover, the court has said that it is not necessary that every circumstance relied on to support the conviction point directly and independently to the defendant's guilt, but it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Flores v. State, supra; Herndon v. State,* 543 S.W.2d 109, 121 (Tex. Cr.App.1976); *Mills v. State,* 508 S.W.2d 823, 827 (Tex.Cr.App.1974).

Moreover, the court has frequently declared that in determining whether the circumstances are sufficient to support a finding of guilt, each case must be tested on its own facts. *Moore v. State,* 532 S.W.2d 333, 337 (Tex.Cr.App.1976); *Ysasaga v. State, supra.* The court has rarely discussed specific alternative hypotheses raised by the evidence, although occasionally opinions have mentioned an alternative hypothesis which the evidence has failed to exclude. *See Brock v. State,* 162 Tex.Cr.Rep. 339, 285 S.W.2d 745, 747 (Tex.Cr.App.1956). More often, the court has analyzed the evidence and held it to be insufficient because of particular circumstances which the evidence failed to establish. *See Rhyne v. State,* 620 S.W.2d 599, 601 (Tex.Cr.App.1981); *e.g., Dubry v. State,* 582 S.W.2d 841, 844 (Tex. Cr.App.1979) *Underwood v. State,* 571 S.W.2d 7, 9 (Tex.Cr.App.1978); *Stogsdill v. State,* 552 S.W.2d 481, 487 (Tex.Cr.App. 1977); *Flores v. State, supra,* at 368–69. Sometimes controlling weight has been given to the State's failure to present available evidence which might have a bearing on the guilt of the accused. *Waldon v. State,* 579 S.W.2d 499, 502 (Tex.Cr.App.1979); *Ysasaga v. State, supra,* at 309.

From these authorities, it is evident that the rule requiring exclusion of alternative hypotheses does not provide a simple formula for deciding the question of the sufficiency of circumstantial evidence to support a finding of guilt. In determining the relevant circumstances the evidence must be viewed in the light most favorable to the State, but the evidence, when so viewed, must establish more than a suspicion of guilt. It must be such as to permit the trier of fact to draw a rational conclusion that all reasonable hypotheses other than guilt have been excluded. Whether an alternative hypothesis is reasonable under the circumstances is initially a question for the trial court or jury, but the fact-reviewing function of the appellate court must include an examination of the record for the purpose of determining whether there is a reasonable alternative explanation of the circumstances which a rational trier of fact would have to accept as raising a reasonable doubt of the defendant's guilt. This interpretation appears to be consistent with the results in all the cases cited, and we shall undertake to apply it in the present case.

These principles of appellate review are frequently important in reviewing convictions for unlawful possession of controlled substances because in such cases direct evidence of the offense is rarely available. In such cases, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew that the matter possessed was contraband. *Rhyne v. State,* 620 S.W.2d 599, 601 (Tex.Cr.App.1981); *Dubry v. State,* 582 S.W.2d 841 (Tex.Cr.App.1979). These elements are not established merely by the presence of the accused at the premises where the contraband was used and possessed. *Rhyne, supra; Waldon v. State,* 579 S.W.2d 499, 501 (Tex.Cr.App.1979). It is not necessary, however, that the evidence

show exclusive possession of the contraband by the accused; evidence showing that the accused possessed it jointly with others is sufficient. *Pollan v. State*, 612 S.W.2d 594, 596 (Tex.Cr.App.1981); *Waldon, supra.* When the accused is not shown to have been in exclusive possession of the place where the contraband is found, the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the existence and location of the contraband and exercised some degree of dominion and control over it. *Hernandez v. State*, 538 S.W.2d 127, 130 (Tex.Cr.App.1976); *Hineline v. State*, 502 S.W.2d 703, 705 (Tex.Cr.App. 1973).

Among the facts and circumstances which the Court of Criminal Appeals has considered, along with others, as linking the accused to the contraband are the following:

(1) That the contraband was in plain view of the accused; [1]

(2) That the contraband was in close proximity to the accused and readily accessible to him.[2]

(3) That the amount of contraband found is large enough to indicate that the accused knew of its presence.[3]

(4) That the accused was closely related to other persons in joint possession of the contraband or who owned the premises or vehicle in which the contraband was found.[4]

(5) That the conduct of the accused with respect to the contraband was such as to indicate his knowledge and control.[5]

One of the most significant affirmative links enumerated above is whether contraband was in the plain view of appellant. In the present case Officer Woods did not testify explicitly that the marihuana in the bag was in plain view of appellant or that appellant could have seen it from his position in the chair, but such testimony would have been only her inference, and she stated facts from which the trial judge could draw that inference for himself. Woods said that when she entered the room the bag was in front of the chair and slightly to one side and that it was open so that she could "see into it without opening it any further." She testified that the bag was "right next to his chair," "less than a foot" from it, "right at his feet." We must view this evidence in the light most favorable to

1. *Pollan, supra*, at 596, *Hughes v. State*, 612 S.W.2d 581, 582 (Tex.Cr.App.1981); *Hernandez v. State*, 538 S.W.2d 127, 130 (Tex.Cr.App. 1976); *Herrera v. State*, 561 S.W.2d 175, 179 (Tex.Cr.App.1978). (In other cases the court has taken pains to point out that the contraband was not in plain view. *Rhyne, supra*, at 601; *Underwood v. State*, 571 S.W.2d 7, 9 (Tex. Cr.App.1978); *Hernandez v. State*, 517 S.W.2d 782, 785 (Tex.Cr.App.1975); *Woolridge v. State*, 514 S.W.2d 257, 259 (Tex.Cr.App.1974)).

2. *Pollan, supra*, at 596, *Hughes supra*, at 582, *Hahn v. State*, 502 S.W.2d 724, 725 (Tex.Cr. App.1973); *Lewis v. State*, 502 S.W.2d 699, 701 (Tex.Cr.App.1973).

3. *Pollan, supra*, at 596, *Carvajal v. State*, 529 S.W.2d 517, 520 (Tex.Cr.App.1975).

4. *Hernandez v. State*, 538 S.W.2d 127 (Tex.Cr. App.1976) (defendant driving uncle's car in which brother was a passenger; contraband found on passenger's side); *Williams v. State*, 524 S.W.2d 705 (Tex.Cr.App.1975) (defendant residing with husband in house where marihuana seeds found; husband cultivating marihuana in yard); *Valdez v. State*, 481 S.W.2d

904 (Tex.Cr.App.1972) (defendant present in house where brother and sister-in-law were filling capsules with heroin). *But c.f., Harrison v. State*, 555 S.W.2d 736 (Tex.Cr.App.1977) (defendant and husband occupied house; husband discovered disposing of heroin in kitchen); *Hernandez v. State*, 517 S.W.2d 782 (Tex.Cr. App.1975) (defendant found asleep on mattress in apartment rented to his cousin; narcotics paraphernalia found under mattress).

5. *Pollan, supra*, at 596 (appellant present with notebook ready to record weight of marihuana sold); *Lewis v. State*, 502 S.W.2d 699 (Tex.Cr. App.1973) (defendant driver's failure to stop car on officer's signal until after passenger's attempt to conceal contraband); *Alaniz v. State*, 458 S.W.2d 813 (Tex.Cr.App.1970) (defendants throwing wadded up paper containing marihuana from passenger's side of vehicle); *Davila v. State*, 169 Tex.Cr.R. 502, 335 S.W.2d 610 (1960) (after officer's signal to stop, driver's swerving vehicle into ditch and stopping only long enough for passenger to throw contraband out).

the verdict. *Hughes v. State*, 612 S.W.2d 581, 582 (Tex.Cr.App.1981). So viewed, the officer's testimony establishes that the marihuana was in the plain view of appellant.

This evidence of the presence of the contraband in plain view of the appellant and in close proximity to him is strong evidence of his knowledge of its presence, but does not necessarily show that he exercised control over it, since there is no evidence that he had used or touched it. In our view, however, the additional circumstance of his interference with the sale to Officer Woods supplies unequivocal evidence of control. When Woods made her offer, appellant did not simply warn his sister that Woods was an officer. He sprang out of his chair, jerked the money out of his sister's hand, and returned it to Woods. Unquestionably, he exercised physical control over the money, knowing it was offered in exchange for marihuana. To that extent, he exercised some degree of control over the marihuana itself. It is true that Woods did not point to the bag when she made her offer and that appellant's sister had enough marihuana in the house to complete the sale without including any of that in the bag. The effect of appellant's conduct, however, was not limited to the prevention of the sale of the other contraband, the presence of which he might not have previously known. Unequivocally, his action was intended to prevent the sale of any marihuana in the house, including that in the bag. To that extent, he exercised control over the marihuana in the bag, just as if that marihuana had been identified as the subject of the proposed sale.

Appellant's motive for this conduct is immaterial. He may have been concerned with preventing his sister from committing an offense in the presence of the officer rather than securing the contraband for his own use or saving it for some other purpose. The issue is the same as if he had attempted to conceal the contraband to protect his sister.

Accordingly, we conclude that the evidence shows:

(1) The contraband in question was in appellant's plain view;

(2) Appellant exercised some degree of control over it.

(3) The contraband was in close proximity to appellant and conveniently accessible to him;

(4) The only other person in comparable proximity was appellant's young female companion, who was no closer to the contraband than he;

(5) The amount of contraband in the bag was substantial;

(6) Appellant, though not an occupant of the house, was no stranger, since it was occupied by his sister and her husband;

(7) Substantial additional quantities of marihuana were found in the house.

These circumstances, in our view, establish more than a suspicion or probability of appellant's guilt. Although no one of them might be sufficient in itself, we conclude that when taken together they exclude every reasonable hypothesis other than that of appellant's guilt. Consequently, we hold that the evidence is sufficient to support the conviction.

In reaching this conclusion, we have been unable to find any cases closely similar on the facts. Somewhat analogous is the court's rejection of the defendant's alternative explanation in *Alaniz v. State*, 458 S.W.2d 813, 814 (Tex.Cr.App.1970). In *Hernandez v. State*, 538 S.W.2d 127 (Tex.Cr.App.1976), the "affirmative links" test was applied to uphold an order revoking probation on circumstantial evidence no stronger than the evidence here. Among the cases in which convictions have been reversed for insufficiency, we have found several in which contraband was found in close proximity to the accused, but none, as in this case, in which it was also in plain view. *See Wiersing v. State*, 571 S.W.2d 188 (Tex.Cr.App.1978); *Reyes v. State*, 575 S.W.2d 38 (Tex.Cr.App.1979); *Hernandez v. State*, 517 S.W.2d 782 (Tex.Cr.App.1975). A possible exception is *Hausman v. State*, 480 S.W.2d 721 (Tex.Cr.App.1972), but there the only light was from a campfire and the defendant, unlike others present, appeared to be asleep. In other cases cited, neither plain

view nor close proximity was shown. *Rhyne v. State*, 620 S.W.2d 599 (Tex.Cr. App.1981); *Higgins v. State*, 515 S.W.2d 268 (Tex.Cr.App.1974).

For the reasons stated our former opinion is withdrawn, the State's motion for rehearing is granted, and the judgment is affirmed.

ROBERTSON, CARVER, STOREY, SPARLING, VANCE, FISH, ALLEN and GUILLOT, JJ., concur.

AKIN, STEPHENS and WHITHAM, JJ., dissent.

STEPHENS, Justice, dissenting.

I respectfully dissent. I cannot agree with the majority that the testimony of Officer Woods establishes that the marihuana was in the plain view of appellant. Although Woods testified that the large brown paper bag was in close proximity to appellant and was open at the top, she did not testify that either she or appellant could see the contents of the bag from their respective positions. Further, she stated that Officer James handed her the bag following appellant's arrest, whereupon, she examined the contents and found them to be twenty-six one-ounce bags of marihuana. Under these circumstances, whether or not the contents of the bag were in plain view is a matter of mere speculation since it was not shown by the evidence.

In the cases cited by the majority, the contraband was not found within a larger container but was clearly visible and open to view. In *Pollan v. State*, 612 S.W.2d 594 (Tex.Cr.App.1981), boxes containing numerous bricks of marihuana were opened in the presence of appellant and others, and a general discussion ensued about where to weigh the marihuana. In *Hughes v. State*, 612 S.W.2d 581 (Tex.Cr.App.1981), marihuana in clear plastic wraps was found on the coffee table in a room occupied by appellant when police officers entered the apartment. In *Hernandez v. State*, 538 S.W.2d 127 (Tex. Cr.App.1976), marihuana "roaches" were found in an ashtray on the dashboard of a car driven by appellant. It may also be noted that *Hernandez* was a revocation of probation proceeding and, consequently, the

State's burden was to prove possession only by a preponderance of the evidence. Lastly, in *Herrera v. State*, 561 S.W.2d 175 (Tex.Cr.App.1978), police officers observed marihuana plants growing in the window of appellant's apartment. They also found seeds, "roaches," and loose marihuana on top of the bar in the kitchen and loose marihuana on a nightstand in the bedroom.

In the instant case, the evidence does not show that the marihuana contained in the large paper bag was visible to Officer Woods as she entered the room and approached appellant. It was uncontraverted that appellant had arrived at his sister's home only five minutes or so prior to the time Officer Woods knocked on the door. Appellant was not standing near or over the bag but was seated. Although he knew Officer Woods by name as a policewoman, he made no furtive gestures or attempts to conceal the bag as she entered the room. In my opinion, the evidence in the record does not establish that the marihuana in the bag was in plain view, even when viewed in the light most favorable to the verdict. *See Underwood v. State*, 571 S.W.2d 7 (Tex.Cr. App.1978). Close proximity to contraband which is not in plain view is insufficient alone to show possession of the contraband. *See Underwood v. State, supra; Hernandez v. State*, 517 S.W.2d 782 (Tex.Cr.App.1975); *Hausman v. State*, 480 S.W.2d 721 (Tex.Cr. App.1972).

Appellant's statement to Officer Woods and his conduct with respect to the money tendered present the only other evidence which may link him to the marihuana. Incriminating statements have often been considered as evidence of intent to violate the statute. *See Morgan v. State*, 516 S.W.2d 188 (Tex.Cr.App.1974) (appellant said to police officers, "Man you've got me. I'll show you where it is."); *Lewis v. State*, 502 S.W.2d 699 (Tex.Cr.App.1973) (passenger said "We've had it" to appellant, the driver, after police stopped car following three block chase); *Simpson v. State*, 486 S.W.2d 807 (Tex.Cr.App.1972) (appellant was heard to exclaim, "We know who turned us in, and he was mad because we wouldn't give him a fix."). In the instant

case, appellant stated, "Officer Woods, you can't do that. You know what you are. You're a cop." I do not believe that this statement can be construed as any evidence of knowledge or control of the marihuana. It is simply a statement of recognition.

The conduct of appellant with respect to the ten dollar bill presents a more difficult question. Nevertheless, after reviewing all the surrounding circumstances as enumerated in the record, I cannot agree with the majority that the conduct of appellant represents unequivocal evidence of control. Appellant's behavior may as reasonably be interpreted as an effort to prevent his sister from committing an illegal act if he suspected, but did not have actual knowledge, that she had marihuana to sell. This alternative explanation is consistent with my opinion that the evidence in this case does not establish that the marihuana in the bag was in plain view.

As this is a circumstantial evidence case, the circumstances must exclude every other reasonable hypothesis except that of guilt. *Rhyne v. State*, 620 S.W.2d 599 (Tex.Cr. App.1981); *Sewell v. State*, 578 S.W.2d 131 (Tex.Cr.App.1979); *Stogsdill v. State*, 552 S.W.2d 481 (Tex.Cr.App.1977). Proof amounting to only a strong suspicion or mere probability of appellant's guilt is insufficient. *Rhyne, supra; Ford v. State*, 571 S.W.2d 924 (Tex.Cr.App.1978). Any alternative hypothesis must be reasonable, consistent with the facts proved and the circumstances, and not out of harmony with the evidence. *Autry v. State*, 626 S.W.2d 758 (Tex.Cr.App.1982); *Swink v. State*, 617 S.W.2d 203 (Tex.Cr.App.1981). After reviewing the record in the light most favorable to the verdict, I am of the opinion that there is a reasonable alternative hypothesis other than guilt which cannot be ignored. Based upon the foregoing discussion, I would hold that the evidence is insufficient to prove appellant's guilt beyond a reasonable doubt. *See Dubry v. State*, 582 S.W.2d 841 (Tex.Cr.App.1979); *Underwood v. State, supra.* Accordingly, I would overrule the State's Motion for Rehearing.

AKIN and WHITHAM, JJ., concur.