In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00121-CR


______________________________




JOSH STUBBLEFIELD, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 10th Judicial District Court


Galveston County, Texas


Trial Court No. 01CR0065




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius

Concurring / Dissenting Opinion by Justice Grant



O P I N I O N



 Josh Stubblefield, Jr. appeals his conviction for possession of a controlled substance with
intent to deliver, a felony offense. Alleging two prior final felony convictions, the State prosecuted
Stubblefield as a habitual offender. The jury found Stubblefield guilty and assessed his punishment
at seventy years' confinement. 

 Stubblefield contends the evidence is legally and factually insufficient to support his
conviction. He also contends the trial court erred in failing to include an accomplice witness
instruction in the charge to the jury.

 Police officers from a special crimes unit executed a search warrant at a house in Texas City. 
The police found five persons and various quantities of drugs in the house. One person fled from
the house when the officers entered. Stubblefield was lying on a couch next to a coffee table on
which a large patty of cocaine was lying in plain view. Other drugs and drug paraphernalia were
found in plain view throughout the house. Stubblefield and others were arrested and charged with
possession of drugs with intent to deliver.

 In his first point of error, Stubblefield contends the evidence is legally and factually
insufficient to support his conviction. In our review of the legal sufficiency of the evidence, we
employ the standards set forth in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d
560 (1979). This requires us to view the relevant evidence in the light most favorable to the verdict
and determine whether any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In our review,
we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible
or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529
U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). In determining the factual sufficiency of the
evidence, we review all the evidence in a neutral light and set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson v.
State, 23 S.W.3d at 7; Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 

 In order to prove unlawful possession of a controlled substance, the state must show that the
defendant exercised care, custody, and control of the substance, and that he knew the substance was
contraband. Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988); Cude v. State, 716
S.W.2d 46, 47 (Tex. Crim. App. 1986); Rhyne v. State, 620 S.W.2d 599, 601 (Tex. Crim. App.
[Panel Op.] 1981). It is not enough that the defendant is present at the scene of the offense or even
that he has knowledge of the offense; he must exercise, either solely or jointly, some dominion or
control over the contraband. Oaks v. State, 642 S.W.2d 174, 177 (Tex. Crim. App. 1982); Martin
v. State, 753 S.W.2d at 387. One who possesses a substance has control over that substance unless
he has divested himself of the right of control by some affirmative act. Tex. Health & Safety
Code Ann. § 481.002(38) (Vernon Supp. 2002). When the defendant is not in the exclusive control
of the place where the contraband is found, there must be independent facts and circumstances
indicating that he had knowledge and control of the contraband. Cude v. State, 716 S.W.2d at 47;
Oaks v. State, 642 S.W.2d at 177. There must be evidence affirmatively linking the defendant to the
contraband, indicating that he possessed it knowingly or intentionally and that the defendant's
connection with the drugs was more than just fortuitous. Brown v. State, 911 S.W.2d 744, 747 (Tex.
Crim. App. 1995). 

 Circumstances that may link a defendant to the controlled substance are: (1) the defendant's
presence when the search was executed; (2) the contraband was in plain view; (3) the proximity to
and accessibility of the contraband; (4) the defendant was under the influence of contraband; (5) the
defendant's possession of other contraband when arrested; (6) incriminating statements by the
defendant when arrested; (7) attempted flight by the defendant; (8) furtive gestures by the defendant;
(9) there was an odor of the contraband; (10) the presence of other contraband or drug paraphernalia
not included in the charge; (11) the defendant's ownership or right of possession of the place where
the controlled substance was found; (12) the drugs were found in an enclosed place; (13) there was
a significant amount of drugs; and (14) the defendant possessed weapons or large amounts of cash. 
De La Garza v. State, 898 S.W.2d 376, 379 (Tex. App.-San Antonio 1995, no pet.); Hernandez v.
State, 867 S.W.2d 900, 904 (Tex. App.-Texarkana 1993, no pet.); Castillo v. State, 867 S.W.2d 817,
820 (Tex. App.-Dallas 1993), vacated & remanded on other grounds, 913 S.W.2d 529 (Tex. Crim.
App. 1995). The number of affirmative links present is not as important as the degree to which they
tend to link the defendant to the controlled substance. Williams v. State, 906 S.W.2d 58, 65 (Tex.
App.-Tyler 1995, pet. ref'd). 

  The evidence is uncontested that Stubblefield was present when the search was executed. 
The testimony of officers and a codefendant established that when the officers entered the house,
Stubblefield was lying on a couch adjacent to another couch, with a coffee table within Stubblefield's
reach, situated between the couches. Officers and a codefendant testified there was a substantial
amount of cocaine in plain view on the coffee table. They further testified they also saw the cocaine
on the floor by the coffee table after the table was knocked over by the person initially sitting on the
couch adjacent to Stubblefield, Eugene Bookman, as he ran out the back door. Constanza Crisp, the
occupant of the house, testified that when she left the room to go upstairs, before the police arrived,
Bookman had been "cutting" the cocaine. 

 There is no evidence that Stubblefield was under the influence of a controlled substance,
attempted to flee, or made incriminating statements or furtive gestures during the search. Although
officers found marihuana and drug paraphernalia in the house, no contraband, currency, or weapons
were found on Stubblefield's person. The officers found a bag of cocaine on the floor behind the
couch where Stubblefield had been lying. Stubblefield was not a lessor of the house and did not pay
for any utilities at the residence, but the possessor of the house testified that Stubblefield had been
living in the house for at least two or three weeks before the search.

 We conclude that there are sufficient affirmative links to justify the jury in finding that
Stubblefield possessed the contraband. We must remember that proof of joint possession is
sufficient to sustain a conviction. Redman v. State, 848 S.W.2d 710 (Tex. App.-Tyler 1992, no
pet.); McGoldrick v. State, 682 S.W.2d 573 (Tex. Crim. App. 1985).

 Of the fourteen affirmative links mentioned earlier, there are at least nine present in this case
which, if found by the jury, connect Stubblefield to the contraband: (1) he was present in the house
when the search was conducted; (2) the contraband was in plain view; (3) he was in close proximity
to the contraband, which was on a coffee table less than two feet in front of where he was lying on
a couch; and (4) additional cocaine was in a bag behind the couch. One officer testified that
narcotics were "all over the place"; (5) there was positive testimony from Crisp, who occupied and
paid the utilities on the house that, contrary to Stubblefield's testimony, he had been living in a
bedroom in the house for two to three weeks before the search was executed; (6) there was a large
amount of the contraband, and at the time of the search, Eugene Bookman, another resident of the
house, was cutting the cocaine preparing it for sale in small portions; (7) other narcotics were located
in various places in the house, including marihuana that was packaged for sale; (8) there were crack
pipes, a razorblade for cutting cocaine, measuring cups, spoons, and other drug paraphernalia in plain
view; and (9) the contraband was in an enclosed place.

 Although it is not the number of affirmative links that control but the degree to which they
connect the defendant to the contraband, the links present here are more than sufficient to warrant
the jury to find that Stubblefield at least jointly possessed the contraband.

 Stubblefield also contends he was deprived of a fair trial because the trial court failed to
include an instruction on accomplice witness testimony in the jury charge. 

 A conviction cannot be based on the testimony of an accomplice unless that testimony is
corroborated by other evidence tending to connect the defendant with the offense, and the
corroboration is not sufficient if it merely shows the commission of the offense. Tex. Code Crim.
Proc. Ann. art. 38.14 (Vernon Supp. 2002). An accomplice witness instruction is required when
the evidence clearly shows that the witness is an accomplice as a matter of law. Gamez v. State, 737
S.W.2d 315, 322 (Tex. Crim. App. 1987). When the witness has been indicted for the same offense
as the defendant, the witness is an accomplice as a matter of law. DeBlanc v. State, 799 S.W.2d 701,
708 (Tex. Crim. App. 1990). Crisp testified that she was a codefendant in Stubblefield's case and
that she had pleaded guilty and agreed to testify for the State. Therefore, Stubblefield was entitled
to an accomplice witness instruction in the jury charge. However, Stubblefield did not request such
an instruction and did not object to the trial court's failure to include one in the charge. Where error
in the court's charge has not been preserved by proper and timely objection, the defendant may obtain
a reversal only if the error was so egregious and created such harm that he did not receive a fair trial. 
Id. at 709, quoting Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). 
The actual degree of harm "must be assayed in light of the entire jury charge, the state of the
evidence, including the contested issues and weight of probative evidence, the argument of counsel
and any other relevant information revealed by the record." Id. 

 To test the sufficiency of the corroboration of an accomplice witness, evidence of the
accomplice witness must be eliminated from consideration, and the remaining evidence must be
examined to ascertain if it tends to connect the defendant with the commission of the offense. If
there is such evidence, the corroboration is sufficient; otherwise, it is not. Gamez v. State, 737
S.W.2d at 323 n.10. The corroboration testimony need not directly link the accused to the crime or
be sufficient in itself to establish guilt. 

 The corroboration testimony in this case showed more than just the commission of the
offense. It established that Stubblefield was on a couch in close proximity to the contraband when
the police entered the dwelling. This and the other affirmative links are more than sufficient to
convict Stubblefield of the offense absent the accomplice witness's testimony.

 Although Crisp's testimony went beyond that of the officers, stating that before she went
upstairs, Bookman had been "cutting up" the crack cocaine and Stubblefield had been lying on the
other couch, there need not be corroboration for each individual piece of an accomplice witness's
testimony. As long as there is independent evidence tending to connect the defendant with the
commission of the offense, the entirety of the accomplice witness's testimony may be considered. 
Therefore, the jury could have considered Crisp's testimony that Stubblefield had been living in the
house for two to three weeks. Assessing the credibility of such testimony is within the province of
the jury. 

 Any harm caused by the trial court's error in not submitting an accomplice witness instruction
to the jury is not so egregious as to have deprived Stubblefield of a fair trial. 

 The judgment of the trial court is affirmed.

 


 William J. Cornelius

 Chief Justice





CONCURRENCE in part and DISSENT in part



 I agree with the majority that the trial court committed harmless error in failing to include
an instruction on accomplice witness testimony in the jury charge. However, I respectfully dissent
with the majority's conclusion that the evidence was sufficient to convict Stubblefield of possession
of a controlled substance. The majority concludes that there were sufficient affirmative links to
justify the jury in finding that Stubblefield possessed contraband and reminds us that proof of joint
possession is sufficient to sustain a conviction. Although proof of joint possession would be
sufficient to sustain a conviction, the State failed to meet its burden regarding one of the elements
necessary to a finding of sole or joint possession-the element of control. 

 The "affirmative links" rule has been stated in different ways, which, taken out of context,
can appear to relieve the state of its burden to prove the element of control. For example, "the
evidence must affirmatively link the accused to the contraband in such a manner and to such an
extent that a reasonable inference may arise that the accused knew of the contraband's existence and
of its whereabouts," Waldon v. State, 579 S.W.2d 499, 501 (Tex. Crim. App. [Panel Op.] 1979),
"[the evidence] must establish . . . that the accused's connection with the drug was more than just
fortuitous," Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995), and finally, "evidence
must affirmatively link the accused to the drug he is alleged to have possessed," Payne v. State, 480
S.W.2d 732, 734 (Tex. Crim. App. 1972). 

 However, as the court clarified in Brown, "[the 'affirmative links' rule] is still, just as it
always was, only a shorthand expression of what must be proven to establish that a person possessed
some kind of drug 'knowingly or intentionally.'" Brown v. State, 911 S.W.2d at 747. For a finding
of possession, whether it be sole possession or joint possession, "the State must prove two elements:
(1) that the accused exercised care, control, and management over the contraband, and (2) that the
accused knew the matter possessed was contraband." McGoldrick v. State, 682 S.W.2d 573, 578
(Tex. Crim. App. 1985), citing Wilkes v. State, 572 S.W.2d 538, 540 (Tex. Crim. App. [Panel Op.]
1978); see also Brown v. State, 911 S.W.2d at 747. Both of these elements may be proved
circumstantially, and control may be shown by actual or constructive possession. McGoldrick v.
State, 682 S.W.2d at 578. "'Circumstantial evidence' has been defined as direct proof of a secondary
fact which, by logical inference, demonstrates the ultimate fact to be proven." Watson v. State, 861
S.W.2d 410, 412 (Tex. App.-Beaumont 1993, pet. ref'd). The state must introduce evidence of facts
and circumstances which generates a reasonable inference that the accused knew of the contraband's
existence and exercised control over it. Johnson v. State, 658 S.W.2d 623, 627 (Tex. Crim. App.
1983). This is the "affirmative link." 

 Courts have produced a generic list of some of the facts and circumstances that have
generated that reasonable inference in different combinations and in particular contexts. Many of
these are listed in the majority opinion. While the majority recognizes that the number of factors
present is not as important as the logical force the factors have in establishing the elements of the
offense, the majority goes on to emphasize that at least nine of the fourteen factors, which the
majority erroneously labels affirmative links, are present in this case which, if found by the jury,
connect Stubblefield to the contraband, but does not discuss the logical force these nine factors have,
in the context of this case, to establish that Stubblefield exercised care, custody, and control of the
contraband. 

 In Earvin, the Dallas Court of Appeals recognized that although the evidence the drugs were
both in close proximity and in plain view of the defendant was strong evidence the defendant knew
of its presence, it did not necessarily show that the defendant had exercised control over it, since
there was no evidence he had used or touched it. Earvin v. State, 632 S.W.2d 920, 925 (Tex.
App.-Dallas 1982, pet. ref'd). The court found the evidence sufficient to convict Earvin, however,
because there was also evidence that he exercised control over the money involved in the drug
transaction. Id. He snatched the money out of his sister's hand and gave it back to the undercover
officer when he recognized the officer. Id. The court found that the act of snatching the money
constituted constructively exercising control over the drugs. Id. The court in Earvin pointed out that
it could not find any cases that were reversed for insufficient evidence in which there was evidence 
the drugs were both in close proximity and in plain view of the defendant. Id. However, no court
has found sufficient evidence where there was not some circumstantial evidence generating the
reasonable inference that the defendant exercised dominion and control over the contraband. In the
cases with the most similar facts where the evidence was found sufficient, there was at least
circumstantial evidence the defendant exercised control over the contraband. See Curtis v. State, 519
S.W.2d 883 (Tex. Crim. App. 1975) (where defendant found in living room with four others sitting
in circle around marihuana, marihuana was also found in a coat pocket in the bedroom where letters
addressed to the defendant were also found); Nolen v. State, 872 S.W.2d 807 (Tex. App.-Fort Worth
1994), pet. denied, 897 S.W.2d 789 (Tex. Crim. App. 1995) (defendant's fingerprints were found on
contraband); Villegas v. State, 871 S.W.2d 894 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd)
(where two men were found in house with contraband in plain view, defendant was sole resident and
contraband was also found in two closets); Castillo v. State, 867 S.W.2d 817 (Tex. App.-Dallas
1993), vacated & remanded on other grounds, 913 S.W.2d 529 (Tex. Crim. App. 1995) (contraband
seen falling from defendant's body); Warmowski v. State, 818 S.W.2d 505 (Tex. App.-San Antonio
1991), aff'd, 853 S.W.2d 575 (Tex. Crim. App. 1993), overruled in part on other grounds, 12
S.W.3d 469 (Tex. Crim. App. 2000) (defendant made furtive attempt to discard a razor with white
substance on it when officers found him and two other men within reach of narcotics and drug
paraphernalia, including a snorting mirror). 

 As in Earvin, there is evidence the drugs on the coffee table were in close proximity and in
plain view of where Stubblefield was lying. There was also evidence there were other narcotics and
drug paraphernalia found on the first floor of the house, where the common areas were located. All
of this is strong evidence that Stubblefield was aware the drugs were present, but does not
necessarily show that Stubblefield exercised control over them. The evidence showing that there
was a significant amount of contraband and that another resident of the house was cutting the cocaine
preparing it for sale in small portions strongly supports the finding that the drugs were intended for
sale and further supports the conclusion that Stubblefield had knowledge the drugs were present, but
does not necessarily show that Stubblefield exercised control over them. Additionally, Crisp
testified that Stubblefield had been staying in one of the bedrooms for two to three weeks. While
this supports an inference that Stubblefield exercised some degree of control over the possessions
in the bedroom he occupied, it does not support the inference that he had control over the contraband
found in the common areas of the house. Even the testimony regarding the bag of cocaine found
behind the couch where Stubblefield was lying is not sufficient to support a reasonable inference that
Stubblefield had exercised control over that or any of the contraband in the house.

 It is the State's burden to present sufficient evidence to generate a reasonable inference that
Stubblefield not only knew of the contraband's existence, but exercised control over it. It is one
thing for the fact-finder to leap to a conclusion and quite another for the evidence to logically 





support a fact-finder's reasonable inference. Although there are at least nine of the "affirmative link"
factors present in this case, even in the light most favorable to the prosecution, they do not alone or
in combination generate the necessary reasonable inferences.




 Ben Z. Grant

 Justice


Date Submitted: March 1, 2002

Date Decided: May 22, 2002


Publish