Jerry G. HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 51952.

Court of Criminal Appeals of Texas.

July 7, 1976.

Douglas M. Kennedy, Jack E. Hunter, Corpus Christi, for appellant.

Jot B. Law, County Atty., pro tem., Rockport, John H. Flinn, Dist. Atty., Sinton, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner:

This is an appeal from an order revoking probation.

On September 6, 1974, the appellant was found guilty of the offense of burglary of a vehicle; the punishment assessed was imprisonment for 3 years and a fine of $200. The imposition of sentence was suspended and the appellant was granted probation.

On February 13, 1975, probation was revoked after the court found the appellant had violated a condition of probation when he on December 15, 1974, unlawfully, intentionally and knowingly possessed a usable quantity of marihuana. Sentence was imposed on April 30, 1975.

The appellant asserts that the trial court abused its discretion in revoking probation. He contends that illegally obtained evidence was admitted and that the evidence failed

to show he possessed marihuana or in the alternative that the evidence failed to show he possessed a usable amount of marihuana. He also contends the court erred in refusing his request to recall two prosecution witnesses.

On December 15, 1974, Sam Arrington, a police officer in Aransas Pass, observed an automobile in which there were two persons leave the Sea Breeze Motel. He then received a call concerning a window peeper at the Sea Breeze Motel and in connection with this incident was given a license plate number and the description of a vehicle.

He then found the automobile which had been described to him parked near the Shamrock restaurant and bar. This was the same automobile that he had seen leaving the Sea Breeze Motel. Officers placed the automobile under surveillance. At about 10:00 p. m. the appellant and his brother got in the automobile and left. The officers stopped the automobile at a nearby intersection.

Officer Arrington stopped behind and Officer Keller stopped in front of the automobile driven by the appellant. Officer Arrington went to the driver's side of the automobile and questioned the appellant. Officer Keller went to the passenger side of the automobile and asked Juan Hernandez to step out of the automobile. By the light of his flashlight and a street light where the car was stopped Keller saw a cellophane bag on the floorboard of the automobile about five inches ahead of the front passenger's seat. The bag contained a green plant substance which Keller thought was marihuana. Arrington stated that there was also a matchbox containing roaches in the "glovebox" of the car; he said the matchbox was not visible to the driver. Officer Hudgens stayed behind the car on the passenger's side as a precautionary measure. He did not see anything untoward in the car until after the appellant and his brother had been arrested and placed in one of the patrol cars. He then drove the car which had been driven by the appellant to the police station. He testified that when he was driving the car he found on the dashboard a matchbox and an ashtray, both containing what he believed to be marihuana roaches.

The officers testified fully concerning the stopping of the automobile and finding the marihuana before any objection was made that it was unlawfully obtained. The appellant's objection made after all of this testimony had been elicited came too late.

█ If the marihuana was obtained unlawfully, the error in admitting it in evidence was waived by the failure to make a timely objection. *Ashford v. State,* 502 S.W.2d 27 (Tex.Cr.App.1973); *Smith v. State,* 456 S.W.2d 90 (Tex.Cr.App.1970). This contention is overruled.

Appellant next contends the trial court erred in refusing to allow him to recall Officers Arrington and Keller. Officer Keller had earlier testified and was cross-examined; Officer Arrington had already been recalled once and was cross-examined each time he testified.

█ Appellant's stated purpose in recalling the officers was to probe the circumstances surrounding the arrest and seizure of marihuana in order to show that the marihuana was unlawfully obtained. We concluded in the previous ground of error that even if the marihuana had been obtained unlawfully, the error in admitting it in evidence was waived by the failure to make a timely objection. Therefore, appellant would have been in no better position even if he had recalled the officers and through their testimony clearly established that the marihuana had been unlawfully obtained. The error, if any, in refusing to allow the officers to be recalled, was harmless. This contention is overruled.

Appellant next contends that the evidence was insufficient to show that he possessed marihuana.

█ To establish unlawful possession of a controlled substance the State must prove two elements: (1) that the accused exercised care, control and management over the contraband, and (2) that the accused knew the matter possessed was contraband.

*Payne v. State,* 480 S.W.2d 732 (Tex.Cr. App.1972); *Ramos v. State,* 478 S.W.2d 102 (Tex.Cr.App.1972); *Rodriguez v. State,* 372 S.W.2d 541 (Tex.Cr.App.1963).

Possession of the contraband need not be exclusive and evidence which shows the accused jointly possessed the contraband with another is sufficient. *Shortnacy v. State,* 474 S.W.2d 713 (Tex.Cr.App.1972); *Harvey v. State,* 487 S.W.2d 75 (Tex.Cr. App.1972). However, a finding of joint possession cannot be justified solely on the basis of proof of mere presence at a place where contraband is being used or possessed. *Payne v. State,* supra; *Hausman v. State,* 480 S.W.2d 721 (Tex.Cr.App.1972); *Kinkle v. State,* 474 S.W.2d 704 (Tex.Cr. App.1972); *Reid v. State,* 474 S.W.2d 702 (Tex.Cr.App.1972); *Culmore v. State,* 447 S.W.2d 915 (Tex.Cr.App.1969). It was stated in *Brown v. State,* 481 P.2d 475 (Okl.Cr. 1971), that "[p]ossession means more than being where the action is; it involves the exercise of dominion and control over the thing allegedly possessed." Whether the theory of prosecution is sole or joint possession, the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and of its whereabouts. *Payne v. State,* supra, and the cases there cited; *Hineline v. State,* 502 S.W.2d 703 (Tex.Cr.App.1973); *Powell v. State,* 502 S.W.2d 705 (Tex.Cr. App.1973). This affirmative link is established by showing additional facts and circumstances which indicate the accused's knowledge and control. *Hineline v. State,* supra; *Alba v. State,* 492 S.W.2d 555 (Tex. Cr.App.1973); *Woolridge v. State,* 514 S.W.2d 257 (Tex.Cr.App.1974).

It was established in *Scamardo v. State,* 517 S.W.2d 293 (Tex.Cr.App.1975), that an order revoking probation must be supported by a preponderance of the evidence.

"  . . . in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation  . . ." 517 S.W.2d 293 at 298.

Of course the State is still required to sustain the burden of proving by a preponderance of the evidence the allegations of the motion to revoke probation. Regardless of the burden of proof, in a case such as the one before us, the accused must be affirmatively linked to the contraband in a fashion that supports a reasonable inference that he knew he was in possession of the contraband.

It was uncontroverted that the car was not owned by either appellant or Juan Hernandez, his brother. Juan testified that he had borrowed the car from his uncle earlier in the day and had been riding around with friends during the evening; he stated that he had not seen the appellant that day prior to seeing him at the Shamrock at about 10:00 p.m. At that time he suggested they go for a ride and asked the appellant to drive.

There was no evidence that the appellant had been in the car prior to entering it outside the Shamrock. Officer Arrington was unable to identify the appellant as one of the two persons he earlier observed in the car when it left the Sea Breeze Motel.

Officer Keller stated that the street light where the car was stopped enabled him to see the marihuana in plain view on the floorboard on the passenger side. Officer Arrington stated that the appellant had access to the marihuana though it would have taken "some effort" to reach it while the car was moving. Officer Hudgens stated that there was a matchbox and an ashtray on the dashboard of the car; he said that the matchbox contained matches and roaches and that the ashtray was "quite full of ashes and also a couple of roaches in it." On cross-examination he stated that there were no cigarettes or cigarette butts in the ashtray.

Appellant testified in his own behalf and denied having any knowledge that there was marihuana in the car or that it had been smoked while he was in the car. He stated that he had not seen his brother until

they met at the Shamrock a few minutes before they left to go for a drive. Appellant's sister testified that the appellant was with her at her home until about 9:00 p.m. and that she saw him again with other people at the Shamrock shortly before Juan entered. Though neither the appellant nor his brother made a statement at the time they were arrested, Juan admitted at the police station and so testified at the hearing that the marihuana belonged to him and that he had not told the appellant he had it in his possession. He stated that the bag of marihuana was in his pocket and that he had dropped it on the floorboard when the police approached.

It is appellant's contention that "the greater weight of the credible evidence does not establish an affirmative link between the Appellant and the marijuana . . ." We disagree.

■ The defense testimony offered by the appellant was before the court for its consideration. The court, as trier of the facts, is the sole judge of the credibility of witnesses and the weight to be given their testimony and may accept or reject all or any part of any witness' testimony. *Aldridge v. State*, 482 S.W.2d 171 (Tex.Cr.App.1972), and the cases there cited.

Appellant points out that many of the facts and circumstances which have been held sufficient to supply the affirmative link supporting the inference that the accused had knowledge he possessed contraband were *not* present in the instant case. It is true that the record before us does not reflect that the appellant made false, misleading or contradictory statements to the officers concerning his own conduct or the marihuana found in the car. Appellant did not make furtive gestures, nor did he attempt to flee or throw anything from the car. There was no odor of marihuana in the car. There was no evidence that he was under the influence of marihuana or any other controlled substance at the time of his arrest. No marihuana was discovered on appellant's person and there was no evidence that he had previously sold or possessed a controlled substance. However,

the absence of the above facts and circumstances is not evidence of appellant's innocence to be weighed against evidence tending to connect appellant to the marihuana. The issue is whether there is sufficient evidence linking the appellant to the marihuana to support the reasonable inference that he was knowingly in possession of marihuana.

■ The evidence against appellant consists of: (1) the bag of marihuana found in plain view on the floorboard on the passenger side of the car and its proximity to the appellant; (2) the roaches found in an ashtray and a matchbox on the dashboard; (3) the marihuana was found in a car which belonged to appellant's uncle; (4) the appellant was the driver of the automobile at the time of the arrest. While there was no showing that the light was sufficient to enable the appellant to see the marihuana at any time between when the car left the Shamrock and when it was stopped, it strains credulity to suggest that the driver of a car, even at night, is unable to see objects on the dashboard. The case is a close one, but we conclude the evidence is sufficient to support the order of revocation. This contention is overruled.

■ The appellant also contends the evidence is not sufficient in that it does not show a usable quantity of marihuana as that term is defined in the statute. See Controlled Substances Act, Sec. 1.02(17). The chemist, Waller, testified that the marihuana delivered to him weighed in excess of 30 grams or slightly more than one ounce.

The State's proof, showing the amount of marihuana found in the car at the time appellant was arrested to be more than one ounce, was sufficient to support the order of revocation. See *Terrill v. State*, 531 S.W.2d 642 (Tex.Cr.App.1976), where the evidence showed a matchbox containing a mere 1.48 grams of marihuana. See also *Parson v. State*, 432 S.W.2d 89 (Tex.Cr.App. 1968). This contention is overruled.

The judgment is affirmed.

ONION, P. J., and ROBERTS, J., dissent.

Opinion approved by the Court.