# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-00-00537-CR

**Paul Moore, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
### NO. 500321, HONORABLE GISELLA TRIANA, JUDGE PRESIDING

Appellant Paul Moore appeals his conviction for possession of marihuana. *See* Tex. Health & Safety Code Ann. § 481.121 (West Supp. 2001). The county court at law sentenced Moore to 30 days in the Travis County Jail and suspended his driver's license for 180 days. Appellant's single point of error is that the evidence was legally insufficient to show knowing possession of the marihuana. We will affirm the judgment of the county court at law.

## FACTUAL AND PROCEDURAL BACKGROUND

On the evening of March 14, 1998, Travis County sheriff's deputy Warren Walls stopped a Ford van for traffic violations. Moore, the driver and only occupant of the vehicle, immediately exited the vehicle and met Deputy Walls at his patrol car. Deputy Walls had not asked Moore to step out of the vehicle. Walls testified that this behavior led him to suspect that Moore was trying to hide something.

After identifying Moore, Walls asked him for permission to search the vehicle. Moore refused. Walls then walked to the front of the van and looked through the window. He saw an open ice chest between the front seats with bottles of alcoholic beverages protruding from it. Because Moore was under the age of twenty-one, Walls seized the ice chest. When Walls removed the bottles from the cooler, he saw two clear plastic baggies of marihuana between the bottles and the ice. Deputy Walls then searched the entire van and Moore, finding no other contraband.

**DISCUSSION**

By one point of error, Moore contends that the evidence was legally insufficient to support a finding of knowing possession of marihuana. In assessing the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the prosecution and determine whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981).

Texas law provides that "a person commits an offense if the person knowingly or intentionally possesses a usable quantity of marihuana." Tex. Health & Safety Code Ann. § 481.121. The penal code defines possession as "actual care, custody, control, or management." Tex. Penal Code Ann. § 1.07(a)(39) (West 1994). A person acts knowingly "with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." *Id*. § 6.03(b).

2

Moore argues that his mere proximity to the marihuana, without a more substantial connection, is not enough to show knowing possession of the marihuana. However, the facts in this case show that Moore was in exclusive possession of the vehicle; the ice chest was open and accessible to him; the ice was fresh, indicating that it was Moore himself who loaded the ice chest; the marihuana was placed on top of the ice. When contraband is readily accessible to the accused and in a place occupied solely by him when the contraband is found, direct and circumstantial evidence is sufficient to show both possession and guilty knowledge. *Hazel v. State*, 534 S.W.2d 698, 703 (Tex. Crim. App. 1976). The direct and circumstantial evidence in this case is sufficient to support a reasonable inference by the trier of fact of knowing possession of marihuana.

Moore also argues that affirmative-link facts and circumstances which, in other cases, have supported the inference that the accused had knowledge he possessed contraband were *not* present in the instant case. *See Lewis v. State*, 664 S.W.2d 345, 349 (Tex. Crim. App. 1984) (contraband and related articles and strong smell of raw marihuana present); *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981) (accused owned the vehicle where contraband was found); *Moulden v. State*, 576 S.W.2d 817, 820 (Tex. Crim. App. 1978) (smell of burning marihuana and accused's statements); *Duff v. State*, 546 S.W.2d 283, 288 (Tex. Crim. App. 1977) (vehicle occupants' conflicting statements). This argument is not compelling. Affirmative links are additional facts and circumstances which are considered when the "accused is not in exclusive possession of the place where the substance is found." *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1987). Here, Moore was the only person present in the vehicle where the marihuana was found. Moreover, the marihuana was readily accessible to Moore and found in

3

an ice chest which contained Moore's alcoholic beverages. The absence of other facts and circumstances is not evidence of Moore's innocence to be weighed against evidence tending to connect Moore to the marihuana. *See Hernandez v. State*, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976). "The issue is whether there is sufficient evidence linking the appellant to the marihuana to support the reasonable inference that he was knowingly in possession of marihuana." *Id*. Viewing the evidence in the light most favorable to the prosecution, as we must, we hold that a rational trier of fact could have found all of the necessary elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318-19; *Griffin*, 614 S.W.2d at 159.

## CONCLUSION

We overrule Moore's point of error and affirm the judgment of the county court at law.

 

 

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson.

Affirmed

Filed:   May 3, 2001

Do Not Publish