NUMBER 13-00-510-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


SCOTT EUGENE DENNY , Appellant,

v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. 3

of Nueces County, Texas.

__________________________________________________________________

O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Castillo


Appellant, Scott Eugene Denny, was charged with the misdemeanor offense of possession of marihuana which was
discovered as a result of a search of the vehicle he had been driving. Denny filed a motion to suppress the marihuana
evidence that was denied by the trial court. After a trial to a jury, the jury found him guilty and assessed a fine of $2,000.00
as punishment without any days confinement in jail. From this conviction, Denny appeals, raising four points of error
challenging the trial court's denial of the motion to suppress, the trial court's admission of the marihuana at trial, and the
legal and factual sufficiency of the evidence. We reverse and remand for a new trial.

Factual Background

 The only relevant testimony at trial came from the arresting officer, Janelle B. Cantu, a deputy constable for Nueces
County, Precinct Two. She testified that on January 18, 2000, she saw appellant, with whom she had had prior dealings,
driving "his black Dually." Cantu testified that appellant "drives a black Dually," which has the insignia of a pool company
on the side. She noticed that the license plate on the vehicle was "obscured, damaged" to the point of being unreadable. 
She pulled appellant over into a parking lot and made contact with him, asking him for his driver's license and proof of
insurance. Denny produced an invalid driver's license and could not provide proof of insurance. She asked him if he knew
the license was expired and then called for a driver's license check. After she received information from that call, she
informed appellant that she was going to impound the vehicle and asked appellant if there was anything in the vehicle that
he needed. Appellant replied in the negative. Cantu then asked him whether there was anything in the vehicle that should
not be in it, to which he also replied no. She then issued him citations and called for a wrecker. While appellant walked
away, the deputy constable began a search of the truck for inventory purposes, discovering tools, recycling bins, boots, and
a bucket, along with other miscellaneous plumbing equipment. She "assume[d]" that the plumbing items found would be
consistent with a person in the swimming pool business and admitted that she "probably ha[d]" seen someone else driving
the truck in question before. While doing the inventory, Cantu also noticed a small joint of marihuana in the front ashtray
of the truck, which was open, within arm's reach of the driver, and "in plain view." She detailed that the ashtray was a
"regular small ... rectangular ... box ... the kind you push in and out" and the marihuana joint was actually inside the ashtray,
not in the holder for cigarettes. 

 Appellant did not testify.

Sufficiency of the Evidence

 In his third and fourth points, appellant challenges the legal and factual sufficiency of the evidence to demonstrate an
affirmative link between appellant and the marihuana, showing that he had knowledge and control over the contraband. 
The doctrine of "affirmative links," while originating in the now-overruled "reasonable hypothesis" line of cases, (1 is
simply a shorthand expression of what must be proven to establish that a person possessed contraband "knowingly or
intentionally." Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). More specifically, in order for appellant's
conviction to be sustained, the State must have proven that: 1) appellant had actual care, control, custody and management
over the contraband; and 2) appellant had knowledge that the substance in his possession was marihuana. Id. The evidence
must establish more than mere presence near the marihuana. Humason v. State, 728 S.W.2d 363, 365 (Tex. Crim. App.
1987). It must show, to the requisite level of confidence, that the appellant's connection with the marihuana was more than
just fortuitous. Brown, 911 S.W.2d at 747.

In conducting a legal sufficiency review, we consider all the evidence in the light most favorable to the prosecution and
determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt.Jackson v. Virginia, 443 U.S. 307, 319 (1979). In this review, we are not to reevaluate the weight and credibility of
the evidence, but rather, act only to ensure that the jury reached a rational decision. Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993). 

In conducting a factual sufficiency review, we also consider all the evidence but without the prism of "in the light most
favorable to the prosecution." Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). While authorized to disagree
with the jury, the reviewing court must be appropriately deferential to the jury's findings so as not to substitute its judgment
for that of the fact-finder and so should act only to prevent a manifestly unjust result. Jones v. State, 944 S.W.2d 642, 648
(Tex. Crim. App. 1996). Unless the available record clearly reveals a different result is warranted, a reviewing court must
defer to the jury's determination concerning the weight to be given contradictory testimonial evidence. Johnson v. State, 23
S.W.3d 1, 18 (Tex. Crim. App. 2000). Under a factual sufficiency review, the appellate court, after viewing all the
evidence neutrally, is to consider whether either the proof of guilt is so weak as to render it clearly wrong and manifestly
unjust or the verdict of guilt is against the great weight and preponderance of the available evidence. Id. at 11.

In the instant case, appellant was the sole occupant and driver of the vehicle. This is sufficient to establish the first element
of possession - care, control, custody or management. Menchaca v. State, 901 S.W.2d 640, 652 (Tex. App. - El Paso 1995,
pet. ref'd). Under our law, however, it is not enough for an accused to have exercised actual control over the contraband -
he must also have been conscious of his connection with it and have known what it was. Brown, 911 S.W.2d at 747. We
therefore review the record to consider the sufficiency of the evidence as to the second element of possession - appellant's
knowledge of the contraband's existence and nature. Menchaca, 901 S.W.2d at 651. 

The only testimony in the case relevant to the question of appellant's knowledge came from the arresting officer. Review of
her testimony reveals no evidence indicating that appellant had any knowledge of the contraband. While appellant was in
possession of the truck in which the marihuana was found, there was no evidence that the truck was actually his vehicle,
such as testimony that the vehicle was registered in his name, a matter easily within the State's knowledge. Indeed, the
officer testified that the truck in question had the insignia of a pool company on the side, signifying that it was a company
vehicle, and, although she testified that she had seen appellant driving before on other occasions in "his" truck, she also
admitted that she had "probably" seen other people driving the truck. There was no evidence that appellant was in
possession of the truck for more than the few blocks that the officer saw him driving. There was no evidence of any odor of
marihuana either in the truck or on appellant's person, as there might have been had appellant recently smoked the
marihuana. There was no evidence that appellant was under the influence of narcotics or that other narcotics or
paraphernalia were on his person when arrested. There was no evidence that appellant made any movements, furtive or
otherwise, toward the location in which the marihuana was found, nor was there any evidence that appellant acted nervous
or agitated or made any incriminating statement or in any other way indicated that he was aware he was in possession of
marihuana. See Villarreal v. State, 865 S.W.2d 501, 503-04 (Tex. App.- Corpus Christi 1993, pet. ref'd) (detailing some
factors considered by courts in determining affirmative links); Randle v. State, 828 S.W.315, 318-19 (Tex. App. - Austin
1992, no pet.)(same); Baltazar v. State, 638 S.W.2d 130, 131 (Tex. App. - Corpus Christi 1982, no pet.)(same).

In short, the only evidence connecting appellant to the marihuana was that it was found in the open front ashtray of a truck
that he had been driving. While this evidence, viewed in the light most favorable to the prosecution and indulging all
inferences in the State's favor, may be sufficient to withstand a challenge to its legal sufficiency, (2) it does not survive the
challenge to its factual sufficiency. This same evidence, viewed neutrally, without favoring either side, provides far too
tenuous a connection to "affirmatively link" appellant to the marihuana and so is too meager to support a finding beyond a
reasonable doubt that appellant knowingly or intentionally possessed marihuana. The evidence presented at trial in this
case is so obviously weak as to undermine confidence in the verdict and render a finding of guilt clearly wrong and
manifestly unjust. Johnson, 23 S.W.3d at 11. We therefore find that the evidence is factually insufficient to support
appellant's conviction and sustain appellant's fourth issue on appeal.

Conclusion

 Having sustained appellant's fourth issue, we do not reach the remaining issues. Tex. R. App. P. 47.1. We reverse
appellant's conviction and remand this cause for a new trial. See Clewis, 922 S.W.2d at 133-34.

ERRLINDA CASTILLO

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 11th day of October, 2001.

1. See Geesa v. State, 820 S.W.2d 154, 157 (Tex. Crim. App. 1991), overruled in part on other grounds by

 Paulson v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000). 

2. See Hernandez v. State, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976). However, we note that in Hernandez there were
additional factors tying Hernandez to the marihuana, including: 1) an additional bag of marihuana on the floorboard of the
car, in close proximity to Hernandez; 2) proof that the vehicle belonged to his uncle; and 3) the location of the ashtray on
top of the dashboard of the car, where it would be more directly in a driver's vision. Even so, the court of criminal appeals
characterized the case as "a close one." Id.