NO. 07-03-0495-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 7, 2005


______________________________



JERRY JONES, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-401,610; HON. CECIL G. PURYEAR, PRESIDING


_______________________________



Memorandum Opinion


_______________________________





Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant Jerry Jones was convicted of aggravated robbery by causing bodily injury
to a person older than 65 years of age. He challenges the conviction through one issue. 
In it, he contends that the trial court erred in overruling his objection to purported hearsay
uttered at trial. The alleged hearsay consisted of a police officer reiterating what the victim
said the appellant said to her. We overrule the issue and affirm the judgment of the trial
court.

 Theda Krause, who was 78 years old at the time of the assault, lived alone and
owned a 1977 blue Buick Regal. A man later identified as appellant occasionally asked her
if she would sell the vehicle to him and if she had any work for him to do. She always
declined the solicitations. 

 Eventually, on July 6, 2002, around 11:00 p.m., she heard a soft knock at the door. 
Krause did not open it but instead talked to the person through the door. The person
claimed he had car trouble and needed to use the telephone. However, as they talked, the
victim eventually recognized the voice as that of the man who had asked about her car and
odd jobs, i.e. appellant. She opened the door and allowed appellant to enter her abode and
use the telephone. After doing so and conversing with appellant for a while, he demanded
money, struck her, tied her up, and stole money as well as her vehicle. The incident
transpired over about an hour period.

 Officer David Houser began his investigation of the crime once the police were
informed of it a day later. He testified that Krause explained to him that at first she had not
recognized appellant's voice but as they conversed through the door, he told her things to
help her recognize him. At that point, appellant lodged a hearsay objection which was
overruled. Houser then testified that the comments appellant uttered included the following
statements: "'I've asked to do yard work for you, I have asked to buy your car, I've asked
to do odd jobs for you, I live in the neighborhood, and we've talked on these occasions.'" 

 Appellant argues that Houser's explanation of what appellant supposedly told
Krause to induce her to open the door was inadmissible hearsay. (1) Further, he claims that
identity was the only real issue at trial, and the admission of this evidence adversely
affected his contention that another man who looked much like him may have committed
the crime. In response, the State posits that the evidence was admissible because the 
officer simply was explaining how appellant became a suspect in the case.

 Assuming arguendo that the evidence was inadmissible, we find the decision to
admit it harmless. This is so for several reasons. First, the evidence of appellant's guilt
was quite strong. Indeed, the victim identified appellant as her assailant several times and
did so both in and out of court. So too had she seen appellant numerous times before the
incident and had the opportunity to watch and interact with him for about an hour
immediately before and during the assault and robbery. Moreover, a different witness
informed the jurors that appellant had allowed him to use a car akin to the one taken by
appellant during the robbery. And, to the extent that appellant presented evidence that
another individual who looked much like him had been in the vicinity at the time, we are
cited to no evidence suggesting, much less illustrating, that the voice of this other person
sounded like appellant's. And, this is pivotal since the victim testified that she initially
identified appellant as the person who entered her house that night not by looking at him
but by hearing his voice. 

 Next, though the State alluded to the policeman's utterances in its jury argument,
it did so obliquely. Yet, it stressed that the victim "recognized his voice," and that argument
was clearly supported by the victim's own testimony. 

 Finally, the victim herself testified that she recognized the voice as that of the person
who repeatedly requested the opportunity to do odd jobs for her. This testimony may not
be identical to the purported hearsay at issue. Nonetheless, it had a like effect in that it
also tied the voice to the person who previously solicited tasks from Krause.

 In short, and upon considering the entire record and assessing its potential impact,
we cannot say that the admission of the evidence effected a substantial right of appellant
or had more than a slight, if any, effect upon the verdict. See Bagheri v. State, 119 S.W.3d
755, 763 (Tex. Crim. App. 2003) (stating that if admission of the evidence is erroneous, it
must be deemed harmless when after reviewing the entire record, the court is reasonably
assured the error did not influence or had a slight affect upon the jury's verdict). 
Accordingly, the issue is overruled, and the judgment of the trial court is affirmed.


 Per Curiam


Do not publish.
1. Krause herself only testified that she recognized the man's voice as the man who had asked her if
she was selling her vehicle and if she had any odd jobs. She did not testify that he told her things that jogged
her memory as to who he was. 



pellant could produce a rental
agreement.
          Trooper Smith asked for, and received, consent from Moore to search the SUV. As
he conducted his search, he noticed a very strong odor of marihuana emanating from the
SUV’s interior that was overwhelming. He found a black bag containing marihuana in the
back seat and four other bundles underneath the SUV’s seats. The combined weight of
the bundles was seven pounds. He also found user amounts on Moore and Appellant. 
Appellant had a small package of marihuana in his shoe. In total, there was 7.64 pounds
of marihuana recovered from the SUV, Moore, and Appellant. 
          During the traffic stop, Moore and Appellant gave inconsistent descriptions of their
trip to Las Vegas, i.e., their stories varied in their times of departure and the days actually
spent in the city. In addition, although Appellant told Trooper Smith that Moore was a
family friend, he could not recall Moore’s last name. Finally, Moore indicated that only he
knew about the seven pounds of marihuana and Appellant denied knowing that the seven
pounds of marihuana was present in the SUV. 
 Discussion
          Appellant contends the evidence at trial was legally and factually insufficient to
support a conviction for third-degree felony possession of marihuana because the State
failed to establish that he had custody, care and/or control over the seven pounds of
marihuana in the SUV. In support, Appellant contends he was merely a passenger and
knew nothing about the large amounts of marihuana. 
          I.        Legal Sufficiency
          When conducting a legal sufficiency review of the evidence to support a criminal
conviction, we view the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Drichas v. State, 175 S.W.3d 795, 798 (Tex.Crim.App. 2005). 
We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any
witnesses, as this is the function of the trier of fact. See Dewberry v. State, 4 S.W.3d 735,
740 (Tex.Crim.App. 1999). Instead, we determine whether both the explicit and implicit
findings of the trier of fact are rational by viewing all the evidence admitted at trial in the
light most favorable to the adjudication. Adelman v. State, 828 S.W.2d 418, 422
(Tex.Crim.App. 1992). 
          To convict someone of the offense of third degree felony possession of marihuana,
the State must prove that Appellant (1) knowingly or intentionally (2) possessed (3) a
usable quantity of marihuana of not more than fifty pounds and not less than five pounds. 
Tex. Health & Safety Code Ann. § 481.121(a)(4) (Vernon 2003). Possession means
“actual care, custody, control, or management,” § 481.102(38) (Vernon 2003). See also 
Tex. Penal Code Ann. § 1.07(39) (Vernon Supp. 2008), and is established by evidence
that the accused exercised control, management, or care over the substance and knew
that the matter possessed was contraband. King v. State, 895 S.W.2d 701, 703
(Tex.Crim.App. 1995). 
          The State need not prove exclusive possession of the contraband since control over
contraband may be jointly exercised by more than one person; McGoldrick v. State, 682
S.W.2d 573, 578 (Tex.Crim.App. 1985); Taylor v. State, 106 S.W.3d 827, 831
(Tex.App.–Dallas 2003, no pet.); however, if the accused was not in exclusive possession
of the contraband, the State is required to present some evidence linking him to it. Evans
v. State, 202 S.W.3d 158, 162 (Tex.Crim.App. 2006).


 Regardless whether the State’s
evidence is direct or circumstantial, it must establish that the connection between the
defendant and the contraband was more than fortuitous. Id. 
          Courts have identified a non-exhaustive list of factors that may help to show an
affirmative link to the controlled substance. Some relevant factors that may affirmatively
link an accused to contraband include: (1) the defendant’s presence when a search is
conducted; (2) whether the contraband is in plain view; (3) the defendant’s proximity to and
the accessibility of the narcotic; (4) whether the defendant was under the influence of
narcotics when arrested; (5) whether the defendant possessed other contraband or
narcotics when arrested; (6) whether the defendant made incriminating statements when
arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made
furtive gestures; (9) whether there was an odor of contraband; (10) whether other
contraband or drug paraphernalia were present; (11) whether the defendant owned or had
the right to possess the place where the drugs were found; (12) whether the place where
the drugs were found was enclosed; (13) whether the defendant was found with a large
amount of cash; and (14) whether the conduct of the defendant indicated a consciousness
of guilt. Evans, 202 S.W.3d at 162 n.12. Each case is examined on its own facts and it
is not the number of linking factors that is important but the “logical force” they create to
prove that the defendant committed the crime. Roberson v. State, 80 S.W.3d 730, 735-36
(Tex.App.–Houston [1st Dist.] 2002, pet. ref’d). 
          Viewing the evidence in a light most favorable to the verdict, the record shows
Appellant was riding in the SUV, an enclosed space, containing a substantial amount of
marihuana–7.64 pounds. Appellant was present when the search was conducted in close
proximity to the marihuana which was accessible and possessed a useable amount on his
person. The odor of the marihuana permeated the car’s interior so much so Appellant
must have been aware of the presence of a large amount of marihuana. When asked to
describe their trip, Appellant’s account substantially differed from Moore’s account. 
Appellant described Moore as a family friend but could not recall his last name and,
although Moore indicated the SUV was a rental, neither he nor Appellant could produce
a rental agreement. A rational juror could have found these circumstances sufficient to
show Appellant’s knowing possession of the marihuana. Accordingly, we hold this
evidence is legally sufficient to support Appellant’s conviction for third-degree felony
possession of marihuana and overrule his first point of error. 
          II.       Factual Sufficiency
          When conducting a factual sufficiency review, we must begin with the assumption
that the evidence is legally sufficient under Jackson.


 Laster v. State, ___S.W.3d ___, PD-1276-07, 2009 WL 80226, at *2 (Tex.Crim.App. Jan. 14, 2009). A conviction is not subject
to reversal on the basis of factually insufficient evidence unless: (1) the evidence
supporting the conviction is “too weak” to support the factfinder’s verdict, or (2) considering 
conflicting evidence, the factfinder’s verdict is “against the great weight and preponderance
of the evidence.” Id. In conducting our factual sufficiency review, we must defer to the
jury’s findings and we cannot conclude that the conviction is factually insufficient simply
because we might disagree with the jury’s verdict. Watson v. State, 204 S.W.3d 404, 416-17 (Tex.Crim.App. 2006); Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997). As
directed by the Court of Criminal Appeals, in applying our analysis we are guided by at
least three “basic ground rules”: (1) we must consider all of the evidence in a neutral light,
as opposed to in a light most favorable to the verdict


; (2) we may only find the evidence
factually insufficient when necessary to “prevent manifest injustice”;


 and (3) we must
explain why the evidence presented is too weak to support the verdict or why the conflicting
evidence greatly weighs against the verdict.


 Laster v. State, 2009 WL 80226, at *2; Sims
v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).
           In support of his assertion of factual insufficiency, Appellant points to videotaped
statements recorded during the traffic stop and arrest. Specifically, Moore and Appellant
stated Appellant knew nothing of the seven pounds of marihuana in the SUV. Generally,
a jury is the sole judge of the credibility and demeanor of witnesses as well as the weight
to be given to testimony, see Cain v. State, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997),
and we are required to afford “due deference” to the jury’s determinations. Marshall v.
State, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006). Here, it was within the jury’s province
to disbelieve videotaped statements by Moore and Appellant. See Fuentes v. State, 991
S.W.2d 267, 271 (Tex.Crim.App. 1999).
          Appellant also asserts that the absence of a large amount of cash in the SUV or on
the person of Moore or Appellant militates in favor of a finding of factual insufficiency. 
However, the absence of various affirmative links does not constitute evidence of
innocence to be weighed against the affirmative links present. James v. State, 264 S.W.3d
215, 219 (Tex.App.–Houston [1st Dist.] 2008, pet. ref’d) (citing Hernandez v. State, 538
S.W.2d 127, 131 (Tex.Crim.App. 1976)). 
          Having reviewed the entire record, we conclude the evidence is not so weak that the
verdict is clearly wrong and manifestly unjust, and there is no basis in the record for a
determination that the great weight and preponderance of the evidence contradicts the
jury’s verdict. See Watson, 204 S.W.3d at 417. We hold that the evidence is factually
sufficient and overrule Appellant’s second point of error. 
Conclusion
          The trial court’s judgment is affirmed.
                                                                           Patrick A. Pirtle 

                                                                                 Justice 



Do not publish.