COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-273-CR

 

 

DANIEL
EUGENE EDWARDS, JR.                                                     APPELLANT

 

                                                             V.

 

THE
STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

                FROM THE 30TH
DISTRICT COURT OF WICHITA COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction








A jury found Appellant Daniel Eugene
Edwards, Jr. guilty of possessing or transporting anhydrous ammonia with the
intent to manufacture a controlled substance. 
The trial court assessed Edwards=s punishment and sentenced him to fifteen years= confinement.  In two issues, Edwards claims that the
evidence is legally and factually insufficient to establish that he possessed
or transported anhydrous ammonia. 

II.  Factual
and Procedural Background

Wichita Falls police officer Sergeant
James Jackson and his canine partner, Ward, were dispatched to respond to a
theft or a burglary that had occurred at a known Anarcotics house.@  Dispatch referenced a
suspect wearing black clothing and carrying a duffel bag and indicated that a
red pickup truck with a damaged front end had just departed the location. 

While en route to the location, less
than ten minutes after receiving the dispatch, Sergeant Jackson spotted a red
pickup matching the description provided by dispatch.  Sergeant Jackson stopped the pickup.  Three individuals were in the pickup.  Edwards was driving, Russell Beggs occupied
the passenger seat, and Rhonda Thelen sat in the middle.  Sergeant Jackson asked the pickup=s occupants to exit the pickup.  








Ward alerted near the open driver=s side window, and Sergeant Jackson
searched the pickup.[2]  He found a coffee grinder and a can of rust
remover under the driver=s seat.  The coffee grinder contained a white powdery
residue with small red flakes in it. 
Inside a duffel bag on the front passenger side floorboard, Sergeant
Jackson found a metal tank wrapped in plastic. 
The tank=s valve was corroded and
blueish-green.  The tank was designed to
hold compressed air, not anhydrous ammonia. 
In the center console, inside a lidded drink cup, Sergeant Jackson found
a plastic baggie containing powder.  In
the bed of the pickup, Sergeant Jackson found a can of Coleman camp fuel, a
plastic water jug, and a small gas can. 

Sergeant Jackson testified that he
did not smell ammonia when he approached the pickup and that BeggsCnot EdwardsCmatched the description of the
suspect seen departing the burglary location with a duffel bag.  Sergeant Jackson agreed that manufacturing
methamphetamine could be carried out by one person.  Officer Karl King, who assisted Sergeant
Jackson at the scene, testified that he took a sample of the liquid in the
tank.  He said that he had never
encountered a Ameth lab@ run by a single person.  Officer Gerald Schulte, who was also at the
scene of Edwards=s arrest, testified that the tank=s corroded, blueish-green valve
indicated that it contained anhydrous ammonia. Officer Schulte said that the
tank was not designed to hold ammonia and that the manufacture of
methamphetamine was commonly performed by multiple individuals.  Officer Joseph Anderson, who was certified as
a methamphetamine lab investigator, testified that the blue color of the tank=s valve indicated that it contained
anhydrous ammonia and that the tank was not designed to hold anhydrous
ammonia.  Officer Anderson testified that
the coffee grinder, the can of rust remover, the plastic bucket, the Coleman
fuel, the gas can, and the plastic bottle were all items commonly used in the
manufacture of methamphetamine.   








Testing revealed no fingerprints on
the coffee grinder or can of rust remover. 
The tank was not tested for fingerprints because police policy forbids
the fingerprint examination of items suspected of containing anhydrous ammonia
due to the danger involved.  The sample
from the tank taken by Officer King tested positive for ammonia. 

A jury heard the above evidence.  The trial court charged the jury on the law
of parties, and the jury returned a verdict of guilty.  Edwards perfected this appeal.   

III.  Standards of Review     

A.  Legal Sufficiency

In reviewing the legal sufficiency of
the evidence to support a conviction, we view all of the evidence in the light
most favorable to the prosecution in order to determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007). 








This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  The trier of fact is the sole judge of the
weight and credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Brown v. State, 270 S.W.3d 564, 568 (Tex. Crim. App.
2008), cert. denied, 129 S. Ct. 2075 (2009).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the factfinder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  Instead, we Adetermine whether the necessary inferences are reasonable
based upon the combined and cumulative force of all the evidence when viewed in
the light most favorable to the verdict.@  Hooper v. State,
214 S.W.3d 9, 16B17 (Tex. Crim. App. 2007).  We must presume that the factfinder resolved
any conflicting inferences in favor of the prosecution and defer to that
resolution.  Jackson, 443 U.S. at
326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.

B.  Factual Sufficiency








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Steadman v. State, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009);
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
factfinder=s determination is clearly wrong and
manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s determination is manifestly unjust.
 Steadman, 280 S.W.3d at 246; Watson,
204 S.W.3d at 414B15, 417.  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, although legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at
417.  

Unless we conclude that it is
necessary to correct manifest injustice, we must give due deference to the
factfinder=s determinations, Aparticularly those determinations
concerning the weight and credibility of the evidence.@ 
Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); see
Steadman, 280 S.W.3d at 246. 
Evidence is always factually sufficient when it preponderates in favor
of the conviction.  Steadman, 280
S.W.3d at 247; see Watson, 204 S.W.3d at 417.  








In determining whether the evidence
is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of
reasonable doubt to overturn [the] conviction.@  Watson, 204
S.W.3d at 417.   We cannot conclude that
a conviction is clearly wrong or manifestly unjust simply because we would have
decided differently than the jury or because we disagree with the jury=s resolution of a conflict in the
evidence.  Id.  We may not simply substitute our judgment for
the factfinder=s.  Johnson, 23 S.W.3d at 12; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be
given contradictory testimonial evidence because resolution of the conflict Aoften turns on an evaluation of
credibility and demeanor, and those jurors were in attendance when the
testimony was delivered.@ 
Johnson, 23 S.W.3d at 8. 
Our deference in this regard safeguards the defendant=s right to a trial by jury.  Lancon v. State, 253 S.W.3d 699, 704
(Tex. Crim. App. 2008).  An opinion addressing
factual sufficiency must include a discussion of the most important and
relevant evidence that supports the appellant=s complaint on appeal. 
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

IV.  The Evidence
is Sufficient

A.  The Elements of the Offense; The Law of
Possession








The elements of the offense of
possessing or transporting anhydrous ammonia with the intent to manufacture a
controlled substance are that (1) the defendant (2) with the intent to
unlawfully manufacture a controlled substance (methamphetamine) (3) intentionally
or knowingly possessed or transported (4) anhydrous ammonia.  See Tex. Health & Safety Code ' 481.124(a)(1) (Vernon Supp.
2009).  APossession@ means actual care, custody, control,
or management.  Id. ' 481.002(38).  Circumstantial evidence may be used to prove
the elements of the offense, including the culpable mental state. McGoldrick
v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985).  Edwards specifically challenges the
sufficiency of the evidence to show that he intentionally or knowingly
possessed or transported the anhydrous ammonia.   When the accused is not in exclusive possession of the place where
the substance is found, it cannot be concluded that he had knowledge of and
control over the contraband unless there are additional independent facts and
circumstances that link him to the contraband. 
Poindexter v. State, 153 S.W.3d 402, 405B06 (Tex. Crim. App. 2005).  Evidence that links an accused to the
substance suffices for proof that he possessed it knowingly.  Brown v. State, 911 S.W.2d 744, 747
(Tex. Crim. App. 1995).  An accused=s links to contraband may be shown by
direct or circumstantial evidence, but in either event the evidence must
establish, to the requisite level of confidence, that the accused=s connection with the drug was more
than just fortuitous.  Poindexter,
153 S.W.3d at 405B06. 

 Mere presence at the location where the
contraband is found is thus insufficient, by itself, to establish actual care,
custody, or control of the contraband.  Evans
v. State, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). However, presence or
proximity, when combined with other links, may well be sufficient to establish
that element beyond a reasonable doubt.  Id.
 It is not the number of links that
is dispositive but, rather, the logical force of all of the evidence.  Id. 
Factors that may circumstantially establish legally sufficient evidence
of Aknowing@ possession include:

(1) the defendant=s presence when a search is conducted; (2) whether the
contraband was in plain view; (3) the defendant=s proximity to and the accessibility of the narcotic; (4)
whether the defendant was under the influence of narcotics when arrested; (5)
whether the defendant possessed other contraband or narcotics when arrested;
(6) whether the defendant made incriminating statements when arrested; (7)
whether the defendant attempted to flee; (8) whether the defendant made furtive
gestures; (9) whether there was an odor of contraband; (10) whether other
contraband or drug paraphernalia were present; (11) whether the defendant owned
or had the right to possess the place where the drugs were found; (12) whether
the place where the drugs were found was enclosed; (13) whether the defendant
was found with a large amount of cash; and (14) whether the conduct of the
defendant indicated a consciousness of guilt. 









Id.
at 162 n.12.   The absence of various of
these listed links does not constitute evidence of innocence to be weighed
against the links that do exist. Hernandez v. State, 538 S.W.2d 127, 131
(Tex. Crim. App. 1976).  Moreover, it is
not the number of links that is dispositive, but rather the logical force of
all of the evidence, direct and circumstantial. 
Evans, 202 S.W.3d at 162.

B.  Legal Sufficiency of the Evidence

Here, Edwards was driving the car in
which the ammonia and related items were found. 
At least some of the items were in plain view in the bed of the
pickup.  The coffee grinder was under
Edwards=s seat and contained a powder residue
with red flakes in it, which Officer Anderson testified was ground-up
pseudoephedrine, a key component in the manufacture of methamphetamine.  More of what appeared to be the same
substance was found in a baggie inside a lidded cup in a cupholder in the
center console, which was within Edwards=s reach.  Additionally,
the rust remover was under the driver=s side seat in which Edwards was sitting.  The rust remover can stated that it contained
hydrochloric acid, which Officer Anderson testified is used in manufacturing
methamphetamine. 








Viewing the evidence in the light
most favorable to the verdict, we conclude that these facts, in combination,
provide sufficient logical force to establish that Edwards exercised control
over the tank of anhydrous ammonia found in the passenger-side floorboard of
the pickup and that his relationship to it was more than fortuitous.  See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Clayton, 235 S.W.3d at 778; Robinson v. State, 174
S.W.3d 320, 326 (Tex. App.CHouston [1st Dist.] 2005, pet. ref=d) (affirming possession conviction
of front‑seat passenger in truck where cocaine was located in factory
compartment in back wall of truck, and noting that cocaine was within vicinity
and easily accessible to passenger).  We
overrule Edwards=s first issue.

C.  Factual Sufficiency of the Evidence








Edwards claims that the evidence is
factually insufficient to show that he possessed the tank of anhydrous ammonia
because Beggs was observed leaving the burglary scene with the duffle bag
containing the tank of anhydrous ammonia and the duffle bag was found at Beggs=s feet on the floorboard in front of
the passenger seat.  But the jury was
charged on the law of parties and the fact that Beggs was in the pickup and
that the tank of anhydrous ammonia was located at Beggs=s feet does not render the links
discussed above factually insufficient to prove that Edwards (1) exercised
control over the substance by transporting it in his pickup and (2) knew, based
on the other items and substances in the pickup, that the tank contained
anhydrous ammonia.  See Evans, 202
S.W.3d at 166 (concluding that Athe circumstantial evidence, when
viewed in combination and its sum total, constituted amply sufficient evidence
connecting appellant to the actual care, custody, control, or management of the
cocaine in front of him@); Poindexter, 153 S.W.3d at
412 (explaining that A[t]he mere fact that a person other
than the accused might have joint possession of the premises does not require
the State to prove that the defendant had sole possession of the
contraband, only that there are affirmative links between the defendant and the
drugs such that he, too, knew of the drugs and constructively possessed them@). 

Viewing the evidence neutrally, we
recognize that Edwards was not under the influence of the narcotics, did not
possess other contraband on his person, 
did not make any incriminating statements, and did not attempt to flee.
Sergeant Jackson testified that he did not notice the smell of anhydrous
ammonia when he approached the pickup but that the tank was wrapped in plastic
and placed inside a duffle bag.  Edwards
also was not in possession of a large amount of cash.  Possible links that do not exist, however, do
not negate the links that are present.  Evans,
202 S.W.3d at 164 (rejecting court of appeals= determination of legal insufficiency that was based in part
on recitation of links that Adid not exist in this case@). 
Edwards was driving the pickup and had allowed Beggs to enter the pickup
with the duffle bag, and the pickup contained many other items used in the
manufacture of methamphetamine, as set forth in detail above.  See Wootton v. State, 132 S.W.3d 80,
89B90 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d) (holding factually sufficient
evidence existed that appellant knew tanks contained anhydrous ammonia when
appellant=s truck, where the tanks were found,
also contained many other ingredients used to manufacture
methamphetamine).  








In light of the evidence supporting
the jury=s verdict, we conclude that the
evidence is not so obviously weak that the verdict is clearly wrong and
manifestly unjust or that the proof of guilt is against the great weight and
preponderance of the evidence.  See
Steadman, 280 S.W.3d at 246; Watson, 204 S.W.3d at 414B15, 417. Accordingly, we hold that
the evidence is factually sufficient to support Edwards=s conviction.  We overrule Edwards=s second issue.

V.  Conclusion

  
Having overruled both of Edwards=s issues, we affirm the trial court=s judgment.

 

SUE
WALKER

JUSTICE

 

PANEL: DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

 

DELIVERED: May 20,
2010











[1]See Tex. R.
App. P. 47.4.





[2]Ward alerts only to narcotics, not to anhydrous
ammonia.