

In The

Court of Appeals

Seventh District of Texas at Amarillo

———

No. 07-24-00252-CR

———

MICHAEL SHAWN MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 33032C, Honorable John Board, Presiding

March 20, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Michael Shawn Moore, was convicted by a jury of possession of heroin in an amount of 200 grams or more but less than 400.[1] Punishment was assessed by the trial court at confinement for thirty years. By a sole issue, Appellant contends the evidence is insufficient to support his conviction. We affirm.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(e).

## BACKGROUND

Following a tip that contraband was being sold from Room 105 of a motel, law enforcement conducted surveillance and then obtained a search warrant. When the warrant was executed, deputies breached the door to Room 105, but Appellant was not present. The room was very messy and cluttered. A digital scale, baggies, and glass pipes were found near the bed. A "decent amount" of marihuana was found as well as a baggie of methamphetamine under the mattress. Appellant's debit card and birth certificate were found in the nightstand by the bed. A large quantity of heroin (237 grams) was found inside a black zippered case wrapped in a towel in a large bucket inside the closet.

## STANDARD OF REVIEW

Due process requires that a conviction be based on legally sufficient evidence. *Harrell v. State*, 620 S.W.3d 910, 913 (Tex. Crim. App. 2021). The only standard a reviewing court should apply is whether a rational jury could have found each essential element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). When reviewing the sufficiency of the evidence, we consider all evidence, direct and circumstantial and whether properly or improperly admitted, and view it in the light most favorable to the verdict. *Dunham v. State*, 666 S.W.3d 477, 482 (Tex. Crim. App. 2023). In doing so, we compare the statutory elements as defined by a hypothetically correct jury charge. *Id.* The trier of fact is the sole judge of the credibility and weight to be attached to the evidence. *Id.* When the record supports conflicting

2

inferences, we presume the trier of fact resolved those conflicts in favor of the verdict and defer to that determination.  *Id.*

## APPLICABLE LAW

The State was required to prove Appellant knowingly or intentionally possessed a controlled substance in an amount of 200 grams or more but less than 400.  TEX. HEALTH & SAFETY CODE ANN. § 481.115(e).  To prove possession, the State was required to show Appellant (1) exercised "actual care, custody, control, or management" of the substance and (2) knew the substance possessed was contraband.  TEX. PENAL CODE ANN. § 1.07(39); TEX. HEALTH & SAFETY CODE ANN. § 481.002(38); *Evans v. State*, 202 S.W.3d 158, 162–63 (Tex. Crim. App. 2006).

Mere presence is insufficient to establish possession, and the State must establish that a defendant's connection with the substance was more than just fortuitous.  *Evans*, 202 S.W.3d at 161.  This linking of the substance to a defendant protects the innocent bystander, relative, friend, or even stranger from conviction merely because of his serendipitous proximity to someone else's drugs.  *Id.* at 161–62.  "However, presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., 'links'), may well be sufficient to establish that element beyond a reasonable doubt."  *Id.* at 162. In circumstances where possession cannot be directly established, it is the logical force of all the evidence, direct and circumstantial, not the number of the incidental links, that is determinative.  *Id.*

The jury is the sole judge of the credibility and weight to be attached to the testimony of witnesses.  TEX. CODE CRIM. PROC. ANN. art. 38.04; *Tate v. State*, 500 S.W.3d

410, 414 (Tex. Crim. App. 2016). A factfinder may "infer that the defendant intentionally or knowingly possessed the contraband if there are sufficient independent facts and circumstances justifying such an inference." *Tate*, 500 S.W.3d at 413–14. Circumstantial evidence can be sufficient to establish guilt; it is not necessary for every fact to point directly and independently to the accused's guilt. *Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014).

When a defendant is not in exclusive control of the place the contraband is found, the State must show possession through other facts and circumstances. *Mixon v.* State, 481 S.W.3d 318, 323 (Tex. App.—Amarillo 2015, pet. ref'd). Numerous factors to consider in determining possession or a link to contraband are as follows: (1) the accused's presence when the search was executed; (2) whether the contraband was in plain view; (3) the accused's proximity to and the accessibility of the contraband; (4) whether the accused was under the influence of a controlled substance when arrested; (5) whether the accused possessed other contraband when arrested; (6) whether the accused made incriminating statements; (7) whether the accused attempted to flee; (8) whether the accused made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether the accused owned or had the right to possess the place where the drugs were found; (12) whether the place the drugs were found was enclosed; (13) whether the accused was found with a large amount of cash; and (14) whether the conduct of the accused indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12. These factors are non-exhaustive and are not to be considered in isolation. *Id.* at 164–66.

## ANALYSIS

Appellant asserts the State's failed to establish he exercised actual care, custody, control, or management over the heroin and that he had knowledge the substance found was contraband. He acknowledges Room 105 was registered in his name but argues that because he was not in exclusive possession of where the contraband was found, the State's evidence fails.

The evidence established that during surveillance, a deputy observed other people coming and going from Room 105. Visitors would stay for a short period of time and then leave. But Appellant disregards other evidence establishing his link to the contraband was more than just fortuitous. According to the motel manager, registration records showed Appellant stayed in Room 105 from September 8, 2022 through April 4, 2023,[2] and was the only person with a key to that room.[3] The manager testified the motel's policy was that staff did not enter a room to clean it unless requested to do so by the occupant. Housekeeping records showed the room was never cleaned during Appellant's stay. The manager further testified that Appellant received mail addressed to the motel and specifically to "Apt. 105." To her knowledge, no one else lived with Appellant but he occasionally had visitors. Also, Appellant's truck was in the motel parking lot.

The deputy who was assigned the task of searching the closet testified the room was very small and messy and there were items he had to remove to access the closet.

---

[2] Appellant briefly stayed in a different room but requested Room 105 when it became available. Also, the registration card was completed by the manager, not Appellant.

[3] During the time Appellant stayed in Room 105, the rooms did not have doors that locked automatically. A deputy testified that during the surveillance period, no other individuals entered the room when Appellant was not present.

5

Inside the closet, he found a large bucket containing a grocery-type bag with a black zippered case wrapped in a towel. The black case contained a rock-like substance he believed was heroin. A field test was positive for heroin. During the search, one of the deputies also found a prescription bottle with medication prescribed to Appellant.

Appellant cannot claim to be an innocent bystander. The size of the room and his clutter strewn about establishes he had been residing in Room 105 for over six months. His birth certificate, debit card, prescription bottle, and personal mail were in close proximity to the bed. Drug paraphernalia was also found nearby. The difficulty the deputies encountered in accessing the heroin concealed in the closet decreases the likelihood that a visitor of short duration was in possession of the heroin.

There is no set formula for an appellate court to use to determine if sufficient links support an inference of knowing possession of contraband. *Triplett v. State*, 292 S.W.3d 205, 209 (Tex. App.—Amarillo 2009, pet. ref'd). However, the absence of some links is not evidence of Appellant's innocence to be weighed against evidence tending to connect him to the heroin. *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976). It is not the number of links that is dispositive; rather, it is the logical force of all the evidence that supports the jury's determination Appellant had actual care, custody, control, or management of the heroin and knew what he possessed was contraband. We conclude the evidence is sufficient to support Appellant's conviction for possession. His sole issue is overruled.

**CONCLUSION**

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.