

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-17-00257-CR**

DAVID NEIL HARPER                                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                                         STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1477941D

----------

## MEMORANDUM OPINION[1]

----------

Appellant David Neil Harper appeals from a judgment convicting him of possession of less than one gram of methamphetamine and sentencing him to three years' confinement upon his plea of true to an enhancement allegation. In three points, Harper challenges the sufficiency of the evidence to support his

----

[1]*See* Tex. R. App. P. 47.4.

conviction and the trial court's rulings denying his motion to suppress evidence and his requested charge instruction. We will affirm.

Deputy Jeff Tindel of the Tarrant County Sheriff's Office narcotics unit was on patrol in West Fort Worth on November 21, 2016, at around 9:00 p.m. when he noticed a vehicle—later determined to be driven by Harper and occupied by a single female passenger—with a defective headlight. Deputy Tindel stopped the vehicle and noticed during the ensuing investigation that Harper was acting nervous: he attempted to exit the vehicle without being asked to do so, he said that the vehicle belonged to a friend, he claimed that he was headed to the hospital after first stopping at a game room, and he gave nonresponsive answers to Deputy Tindel's questions. When Deputy Tindel asked Harper to exit the vehicle, contrary to instructions, Harper put his hand in his pocket, prompting Deputy Tindel to pat down Harper and to discover a syringe in his back pocket. Harper said that he was diabetic and that a retired prostitute had thrown the syringe at him. Officer Tindel did not observe the female passenger make any furtive movements while he was speaking with Harper.

Around this time, one of several other law-enforcement officers who had arrived on the scene observed a marijuana pipe in plain view in Harper's vehicle. A search of the vehicle uncovered a toiletry bag on the floorboard near the driver's seat, a soda can in the center console, a digital scale, and two unused syringes in a backpack that belonged to the female passenger. The toiletry bag contained men's products and syringes, including one that was loaded with a

2

clear liquid and one that was loaded with a red liquid, and the can contained a small Ziploc-style bag with a crystal-like substance in it. Subsequent testing confirmed that the two syringes and the small plastic bag contained methamphetamine. Police arrested Harper for possessing a controlled substance and the passenger for an outstanding warrant.

In his first point, Harper argues that the evidence was legally insufficient to show that he possessed the methamphetamine found in the vehicle.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Jenkins*, 493 S.W.3d at 599.

The State had to prove that Harper intentionally or knowingly "possesse[d]" the methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115(a) (West 2017). "Possession" means that the accused exercised "actual care, custody, control, or management" over the substance. Tex. Penal Code Ann. § 1.07(a)(39) (West Supp. 2017). Although mere presence at the location where drugs are found is, by itself, insufficient to establish possession, when combined

3

with other evidence, either direct or circumstantial, presence or proximity may become sufficient to establish guilt beyond a reasonable doubt. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). Relevant factors and circumstances may link the accused to the contraband, permitting the factfinder to justifiably conclude that the accused knowingly possessed it.[2] *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). It is not the number of factors present but the "logical force" they create to prove the crime was committed. *Id.* (citing *Gilbert v. State*, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd)).

Multiple factors link Harper to the methamphetamine found in the vehicle and provide sufficient logical force for the jury to have concluded beyond a reasonable doubt that Harper possessed the methamphetamine. Specifically, the drugs were found in close proximity to where Harper was seated and were easily accessible by him; the toiletry bag contained men's products, and unlike

---

[2]Those factors include the following: the defendant's presence when a search is conducted, whether the contraband was in plain view, the defendant's proximity to and the accessibility of the narcotic, whether the defendant was under the influence of narcotics when arrested, whether the defendant possessed other contraband or narcotics when arrested, whether the defendant made incriminating statements when arrested, whether the defendant attempted to flee, whether the defendant made furtive gestures, whether there was an odor of contraband, whether other contraband or drug paraphernalia were present, whether the defendant owned or had the right to possess the place where the drugs were found, whether the place where the drugs were found was enclosed, whether the defendant was found with a large amount of cash, and whether the conduct of the defendant indicated a consciousness of guilt. *Valentin v. State*, No. 02-14-00474-CR, 2015 WL 5297585, at *2 (Tex. App.—Fort Worth Sept. 10, 2015, no pet.) (mem. op., not designated for publication).

the passenger in the vehicle, Harper is a male; the syringe found in Harper's back pocket matched the syringes in the toiletry bag; Harper exhibited behavior that was consistent with someone who had used methamphetamine, the same drug discovered in the vehicle; and a marijuana pipe was found in the vehicle.

Harper stresses certain facts that do not link him to the drugs—he did not own the car, the toiletry bag was not in plain view, another person was in the vehicle with him—but the absence of facts and circumstances is not evidence of innocence to be weighed against evidence connecting Harper to the contraband. *See Hernandez v. State*, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976). Rather, the question is whether sufficient evidence linked Harper to the methamphetamine to support the reasonable inference that he knowingly possessed it. *See id.*

Harper also likens the facts here to a case in which the court of appeals concluded that insufficient evidence supported the appellant's conviction for unlawfully possessing a firearm, *Harris v. State*, 532 S.W.3d 524 (Tex. App.—San Antonio 2017, no pet.), but unlike the facts in this case, and as the court in *Harris* clarified, "the evidence relied on by the State—other than the location of the firearm—was not the type of evidence relied on by courts to affirmatively link a defendant to a firearm or was nothing more than speculation from which a jury could not make a rational inference of possession." *Id.* at 531. We overrule Harper's first point.

After the State rested, the trial court denied Harper's motion to suppress the evidence discovered during the vehicle search, finding that police had probable cause to conduct the search after a police officer observed a marijuana pipe inside. Harper argues in his second issue that the trial court erred by denying his motion to suppress because the officers lacked probable cause to conduct the search.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. Const. amend. IV. A search conducted without a warrant is per se unreasonable unless it falls within one of the "specifically defined and well established" exceptions to the warrant requirement. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App.), *cert. denied*, 540 U.S. 1004 (2003); *see Best v. State*, 118 S.W.3d 857, 862 (Tex. App.—Fort Worth 2003, no pet.). The automobile exception to the warrant requirement permits

6

police officers to conduct a warrantless search of a vehicle if it is "readily mobile and there is probable cause to believe that it contains contraband." *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009). Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that an instrumentality or evidence of a crime will be found. *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007). An officer's observation of contraband or evidence of a crime in plain view inside an automobile can establish probable cause to conduct a warrantless search of the vehicle. *Barnes v. State*, 424 S.W.3d 218, 224–25 (Tex. App.—Amarillo 2014, no pet.); *Stephens v. State*, No. 09-10-00488-CR, 2011 WL 2732253, at *2–3 (Tex. App.—Beaumont July 13, 2011, no pet.) (mem. op., not designated for publication).

Deputy Tindel testified that he did not begin the search until after another police officer had discovered a marijuana pipe in plain view in the vehicle. Officers consequently had probable cause to conduct a warrantless search of the vehicle pursuant to the automobile exception. *See Keehn*, 279 S.W.3d at 335; *Barnes*, 424 S.W.3d at 224–25; *see also* Tex. Health & Safety Code Ann. § 481.125(a) (West 2017) (criminalizing possession of drug paraphernalia).

Harper nevertheless argues that the search was illegal because Deputy Tindel never saw where the pipe was found in plain view by the other officer, but in making his probable-cause determination, Deputy Tindel was entitled to rely on the information conveyed by the other, reasonably trustworthy officer. *See*

7

*Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007) ("Known facts and circumstances include those personally known to law enforcement officers or those derived from a 'reasonably trustworthy' source."). Harper also contends that Deputy Tindel's dashcam video appears to show that the search began before the pipe was found, but the video plainly shows that the police did not begin the search until after they had located an object resembling the pipe that was later admitted into evidence and the female passenger and dog had been removed from the vehicle. We overrule Harper's second point.

In his third point, Harper argues that the trial court erred by denying his request for an article 38.23 instruction because there was a fact issue regarding whether the police searched the vehicle before finding the pipe. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2018).

A defendant's right to the submission of a jury instruction under article 38.23(a) is limited to disputed fact issues that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007). As we clarified immediately above, the dashcam video does not reflect that the officers began the search before the pipe was found. There being no disputed material-fact issue about the search, the trial court did not abuse its discretion by denying Harper's requested article 38.23(a) instruction. *See id.*; *see also Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012) (providing that charge-error analysis ends if no error). We overrule his third point.

8

Having overruled Harper's three points, we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL:  SUDDERTH, C.J.; MEIER and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 28, 2018